The J. I. Case Threshing-Machine Co. v. Haven.

1. **Sale of Machine:** FAILURE OF WARRANTY: CHOICE OF REMEDIES: DAMAGES: EVIDENCE: PRACTICE IN SUPREME COURT. The vendee of personal property which has been sold with warranty as to its quality, has the election, on the failure of the warranty, to rescind the contract, by returning the property and demanding back the consideration received by the vendor, or to retain the property and sue for the damages sustained in consequence of the failure. (See cases cited in opinion.) But where he elects to keep the property, and he is sued for the contract price, he must pay that price, less the amount of the damages which, by a preponderance of the evidence, he shows that he has sustained; and where he fails so to establish the extent of his damages, he is entitled to only nominal damages; and in such case a judgment against him for the whole contract price will not be disturbed on appeal, as this court will not remand a case for the assessment of merely nominal damages.

2. ———: ———: MEASURE OF DAMAGES. The measure of the vendee's damages in such case is the difference between the value of the property as it actually was, and what its value would have been had it been as warranted. (See cases cited.)

3. ———: ———: VALUE OF MACHINE: JUDICIAL NOTICE OF. Where in such a case the only evidence of the actual value of the machine was that of the vendee, who testified only that it was of no value, and the machine in question was a steam threshing-machine, *held* that such testimony could not be taken as true, because the court will take judicial notice that such a machine is of some value, though possibly useless for the purpose for which it was designed.

*Appeal from Howard District Court.*

WEDNESDAY, DECEMBER 10.

ACTION on four promissory notes, and to foreclose a mortgage given to secure the same. The notes were made payable to J. I. Case & Co., and were assigned to plaintiff. Defendant admitted the execution of the notes, but averred that they were given in renewal of other notes given by him to J. I. Case & Co. for the price of a steam threshing-machine, and the appurtenances and fixtures belonging thereto, which said firm sold to him; that they warranted said machine to be well made, of good materials, and durable with proper care, and *to do as good business in threshing and*

cleaning grain as any other machine of the same size manufactured in the United States, and that there was a failure of the warranty, and that the machine was worthless, and that he was damaged by said failure of warranty in a large amount, and that said notes were assigned to plaintiff after maturity, and that it had notice when it purchased them of the equities between the original parties growing out of the transaction in which the notes were given. Plaintiff admitted in its reply that the notes were given in renewal of other notes which plaintiff had given for the price of the threshing-machine sold him by J. I. Case & Co., but denied the other averments of the answer. The district court rendered judgment for plaintiff for the amount of the notes and for the foreclosure of the mortgage. Defendant appeals.

*McCarty & McCook* and *James O. Crosby*, for appellant.

*Cooley & Akers*, for appellee.

REED, J.—A number of questions have been argued by counsel which we do not find it necessary to consider. For the purposes of the case, it may be conceded that it is established by competent evidence that there was a warranty by J. I. Case & Co. of the machine for the price of which the original notes were given, and that there has been a failure of that warranty, and that defendant did not waive his claim for the damages consequent on the breach, by renewing the notes with knowledge that such breach had occurred. The vendee of personal property which has been sold with warranty as to its quality, on the failure of the warranty, has the election to rescind the contract by returning the property and recovering back the money received by the vendor, or to retain the property and sue for the damages sustained in consequence of the failure. *Aultman v. Theirer*, 34 Iowa, 272; *Rogers v. Hanson*, 35 Id., 283; *McCormick v. Dunville*, 36 Id., 645. Defendant elected to pursue the latter course. He retained the property, and at the time of the trial had it in

his possession. His answer, then, was in the nature of a counter-claim for the damages which he sustained in conse-quence of the failure of the warranty. His claim, it is true, was against the vendor of the property, but he alleged that plaintiff took the notes subject to his counter-claim, and he sought to set off the amount of his damages against the notes in its hands. The burden was on him to establish the amount of damages which he sustained in consequence of the failure of the warranty, and this he has not done. The measure of his damages is the difference between the value of the prop-erty as it actually was, and what its value would have been had it been as warranted. *Pitsinowsky v. Beardsley*, 37 Iowa, 9; *McCormick v. Vanatta*, 43 Id., 389.

The property in question consisted of an Eclipse separator, with thirty-six-inch cylinder, with apron and thimble-skein trucks, and straw-stacker, and a ten-horse steam-power, and such levers, braces, brace-rods, tumbling-rods and belts as are usually furnished with such machines. The price agreed to be paid for it was $1,816, and defendant testified that if it had been as warranted its value would have been that amount. He used the property for four years, during the threshing season, and he also used the steam-power at other times in sawing lumber. The principal defect complained of was in the cyl-inder to the engine, which permitted the escape of steam, and thereby caused a waste of power. There was also some difficulty with the separator, and this caused the grain to waste to some extent.

Defendant testified that the machine, in the condition in which it was, had no value, and he is the only witness who gave his testimony directly on the question of its value. It is insisted that, as the witness was neither impeached nor contradicted by any other witness, his statement must be accepted literally. But we think we are not required to do this. The facts proven show that the statement is not liter-ally true, and we do not believe the witness intended that it should be so understood. What he meant, probably, was

that, owing to the defects in the machine, it could not be operated to advantage or with much profit. But the fact that he continued to use it in his business for four years shows quite conclusively that he regarded it as of some value. Besides this, it is a fact so generally known that we will take judicial notice of it, that much of the material of which a machine of that kind is constructed has a value quite independent of the machine. Large quantities of iron enter into its construction, and this would be of some value for other uses, if the machine was broken up entirely. And separate parts of it, such as the belts, braces, tumbling-rods, brace-rods, and the like, could be used to advantage in the construction of other machines. So that, if it should be conceded that the machine in question had no value as a threshing-machine, or that owing to its defects it could not be operated to any advantage in threshing grain, it does not follow that it was worthless. As we have seen, defendant had the election, when he discovered the failure of the warranty, to rescind the contract, or keep the property and pay the contract price, and look to the vendor for the amount of the damages which he sustained in consequence of the failure. He chose the latter remedy. He is therefore required to pay the contract price. But he is permitted to recover the amount of his damages. But he has failed to prove this amount. He gave the court no *data* from which the amount could be determined. All that could be claimed from the evidence is that it shows a failure of the warranty, and that he is, therefore, entitled to recover nominal damages on his counter-claim. But we will not reverse the judgment on the ground that the district court failed to allow him such damages. The judgment of the district court is, therefore,

AFFIRMED.