## C. T. FITTS & COMPANY v. HENRY REINHART, Appellant.

**Contract:** PERFORMANCE MADE IMPOSSIBLE. A provision in a building contract that a certificate shall be obtained from the architect for all the payments, does not require the contractor to procure such certificate where the architect has been discharged by the owner.

WAIVER OF PERFORMANCE. An owner who has without objection permitted a contractor for the construction of a steam-heating plant to make side connection for such plant instead of top connection as provided by the contract, is not entitled to a deduction from the contract price, of the amount which it would cost to change the connection from side to top.

**Damages:** EVIDENCE OF AMOUNT ESSENTIAL. Though defendant was put to expense in necessary changes because the plaintiff did not complete a building contract in accordance with its terms, if the evidence fails to show the amount of such expense, there can be no recovery on a counter-claim.

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

WEDNESDAY, MAY 19, 1897.

ACTION to foreclose a mechanic's lien. Judgment
and decree for the plaintiff, and defendant appeals.—
*Modified and affirmed.*

*Milchrist & Robinson* and *Lynn & Foley* for appellant.

*Marks & Mould* for appellees.

LADD, J.—The plaintiff entered into a written
contract with the defendant to furnish labor and
material necessary for the construction of a steam-
heating plant in the Reinhart Flats, in Sioux City,
according to certain plans and specifications. The
contract provides: "All work to be done under the
supervision and to the satisfaction of said architect
(acting as said owner's agent). * * * The last and
final payment to be made within ten days after
all work is completed, * * * provided that
for all payments a certificate shall be obtained
from and signed by said architect." No certificate was
furnished, and the defendant claims that, for this rea-
son, the action cannot be maintained. He relies on
*McNamara v. Harrison*, 81 Iowa 486 (46 N. W. Rep.
976), where it is held that parties may bind them-
selves to make payment on the certificate or esti-
mate of some third person, such as an engineer or
architect; and unless there be some good reason why
it is not furnished, no action can be maintained. The
evidence in this case furnishes a very good excuse for
not obtaining the required certificate. Before the
plant was completed, the defendant dispensed with

the services of his architect, and directed his engineer to see that it was put in right. By the terms of the contract, the architect was to act as his agent in superintending the work, and in making the certificates upon which payments might be made. Certainly, after his discharge, the defendant would not be bound by anything he might do. If so, then the plaintiff was relieved from the conditions of the contract requiring the approval of this architect and his certificate before payment.

II. The contract required the plaintiff to furnish a steam-heating and power plant, in strict accordance with the plans and specifications. This was not done. That some of the work performed and materials furnished were as expensive as that agreed does not always answer the objection to a failure to comply with the terms of the contract. One main and some of the pipes were too small. Many valves required were omitted, and the ceiling plates were not as agreed. The tank was necessarily smaller than called for, but a proper discount was allowed on this. The evidence, however, fails to show the cost of procuring and placing larger pipes and main, necessary valves, and changing the ceiling plates. True, estimates were given of the cost of making the plant comply with the contract, but these were on the basis of so changing the system as to connect all pipes with the mains from the top, instead of the side. The defendant, at considerable cost, had it so changed, and some other defects remedied. Much evidence was introduced on the question as to whether a top or a side connection is preferable. We need not determine, if we could, which method is best. The defendant made no objection to the side connection, nor did his architect or engineer, until the work was done and all pipes laid. Had he desired the other method, he should have so indicated in time

to enable plaintiff to comply with his wishes. That adopted is approved by many experts, and believed by the plaintiff to be preferable. As the cost of making such changes and furnishing such material as defendant was entitled to is not shown, damages cannot be allowed on the counter-claim.

III. An engine was purchased at the agreed price of three hundred and seventy-five dollars, and afterwards a larger one ordered. The defendant claims the last one was not to exceed in cost the sum of fifty dollars more than that first bought, while the plaintiff says he was to receive the market price. The evidence is conflicting, but we think the circumstances sustain the contention of the defendant. It is insisted the engine was guaranteed to do the work for which it was purchased, and failed to do so. This need not be considered, as the damages occasioned by such failure have not been proven. *Threshing Machine Co. v. Haven,* 65 Iowa, 359 (21 N. W. Rep. 677).

IV. There are other items set out in the petition for which recovery is claimed, but no evidence was introduced tending to show that its articles were ever sold or delivered to the defendant. The contract price for the plant was four thousand, five hundred and sixty-five dollars, and the price allowed for the engine four hundred and twenty-five dollars. From these must be deducted the two thousand five hundred dollars paid, and the sixty dollar reduction on the tank, leaving the sum of two thousand four hundred and thirty dollars owing plaintiff, with interest at six per cent. per annum from February 23, 1893. What has been said indicates that the costs on the counter-claim were properly taxed to the defendant by the district court. The costs in this court will be taxed to the plaintiff,—MODIFIED AND AFFIRMED.