[No. 5068.   Decided March 23, 1905.]

W. W. LAVANWAY et al., Respondents, v. JOHN CANNON et al., Appellants.[1]

ACTIONS—JOINDER—APPEAL—HARMLESS ERROR IN JOINDER OF CAUSES. Error in the joinder of causes of action ex contractu and ex delicto is not prejudicial, where the verdict upon the cause of action improperly joined is in favor of the defendant, and said cause is dismissed.

[1] Reported in 79 Pac. 1117.

CONTRACTS—CERTIFICATE OF ARCHITECT. A clause in a building contract requiring a certificate from two architects showing the completion of the work, is waived where the architects were co-partners and the partnership was dissolved shortly after the contract was made, and the owners refused to allow one of the architects to have anything to do with the work, both parties having accepted certificates of the other architect and acquiesced in his sole control of the whole work.

SAME—COMPLETION OF BUILDING—UNPAID CLAIMS OUTSTANDING—BALANCE OF PRICE WHEN DUE TO CONTRACTOR. Where a building contract provided that the architect should give his certificate that the building was completed in accordance with the terms of the contract, and that the owner thereupon agrees to pay the price upon a showing by the contractor that no outstanding bills were unpaid, and further provided that, if there were any outstanding claims after final payment, the amount should be refunded by the contractor, the certificate of the architect, given in good faith upon completion of the building, and such showing by the contractor, is all that is required to show that the balance on the contract was due, although an unpaid claim was outstanding.

MECHANICS' LIENS — FORECLOSURE — PARTIES — LIENORS SUBSEQUENT TO COMMENCEMENT OF ACTION—PRACTICE. In an action by a contractor to foreclose a mechanics' lien, in which the owner answers that a materialman had filed a lien for material which the contractor had agreed to pay, it is not error to deny defendant's motion to make the materialman a party, where his lien was filed after the commencement of the action; since in such case, under the statute, the lien claimant cannot bring an independent action, and must himself apply to be joined by way of intervention.

APPEAL—REVIEW—HARMLESS ERROR. Error in instructions upon an issue found in favor of appellants is immaterial.

MECHANICS' LIENS — FORECLOSURE — ATTORNEY'S FEES—ALLOWANCE IN SUPREME COURT. In an action to foreclose a mechanics' lien, in which the trial court fixed the amount of the attorney's fees, independent attorney's fees will not be allowed in the supreme court upon affirming the judgment.

Appeal from a judgment of the superior court for King county, Morris, J., entered September 30, 1903, upon the advisory verdict of a jury and findings rendered in favor of plaintiffs, in an action to foreclose a mechanics' lien and for damages. Affirmed.

*William Martin* and *W. A. Keene,* for appellants.

*Benton Embree,* for respondents.

MOUNT, C. J.—Respondents brought this action in the court below to foreclose a mechanics' lien, and for other relief. The complaint, in substance, alleges, a contract with appellants to construct a certain building in Seattle; a compliance with all the terms of the contract; a balance amounting to $5,250.80, due thereon from appellants; and a lien for that amount, properly filed, against the building and the land on which the building is located. For a separate cause of action, the complaint alleges, that the superintendent of the work, appointed by, and acting for, appellants, was incompetent and unfit to perform his duties, which fact was known to appellants; that such superintendent interfered with and delayed the work of respondents under the contract, by unnecessarily requiring changes and alterations, and then requiring the same to be changed again to the original condition; by which respondents were damaged. It further alleges that appellants failed and neglected to have the foundation ready for respondents at the specified time, and that damages were caused thereby. It further alleges that appellants failed to furnish certain materials as agreed, and that respondents were damaged thereby. Other damages of this character were alleged, amounting in the aggregate to $3,700. The prayer of the complaint was for a decree foreclosing the lien for $5,250.80 and costs, and for a judgment for damages, and for general relief.

Appellants filed a motion to strike the second cause of action stated in the complaint, upon the ground that two causes of action had been improperly joined. This motion was denied, and a demurrer was then filed, based upon the same ground, which demurrer was also denied. The appellants then answered, denying the allegations of the

complaint, and also stating several separate defenses, one
of which—and the only one necessary to be considered now
—was that the contract provided that respondents should
pay all claims for labor and material furnished by them,
that the Washington Cornice Company had not been paid
for certain materials furnished, and had filed a lien upon
the building for the sum of $799.90, which was due and
unpaid. Respondents in reply denied all the facts alleged
in these several defenses.

Appellants then moved the court to require the respond-
ents to make the Washington Cornice Company a party
to the action. This motion was denied. Subsequently
the case came on for trial upon the issues, before the court
and a jury, the jury being called as advisory upon the first
cause of action, and to pass upon the question of damages
alleged in the second cause of action. The jury, after
hearing all the evidence in the case, found in favor of ap-
pellants as to the second cause of action, and, in answer
to special questions upon the first cause of action, found
that there was due respondents upon the original contract
price, $2,000, and for extras, $800. The court thereafter
disregarded the special findings of the jury upon the first
cause of action, and found that respondents were entitled
to the sum of $4,328, upon the first cause of action, and
entered a decree foreclosing the lien for that amount, to-
gether with attorney's fees and costs, but dismissed the
case as to the second cause of action stated in the com-
plaint. The appeal is prosecuted from this decree.

It is contended that the lower court erred in denying
the motion to strike, and in denying the demurrer, because
actions *ex contractu* cannot be joined with actions *ex
delicto*. Lengthy arguments are made in the briefs upon
this question. But it is not necessary to decide it in this
case, because, even if the second cause of action was im-
properly joined, both the jury and the court found in favor

of appellants upon this cause, and a judgment was finally
entered dismissing as to it.   The appellants have not been
injured by the joinder, and cannot now complain that it
was not stricken upon their motion.   If the court had
considered this second cause of action, and found upon it
in favor of the respondents, it would then be necessary for
us to decide the question presented.   Where it is entirely
eliminated by a decree in favor of the appellants, there
can be no error of which the appellants may complain.

It is next contended that the lower court should have
found upon the facts in favor of appellants, for three
reasons: (1) That the contract required certificates from
two architects showing completion of the work, while the
evidence shows that such certificate was signed by but one
of these architects; (2) that the contract provided that the
respondents should pay all claims which might become
liens upon the property before final payment should become
due; and (3) that the evidence is not sufficient to support
the findings in favor of the respondents.   This last reason
is based upon the first two stated.

Upon the first of these points, the architects named in
the contract, Donnellan and Donahue, were copartners,
engaged as architects at the time the contract was entered
into.   Shortly after that time this copartnership was dis-
solved, and the appellants refused to permit the architect
Donahue to superintend or direct the construction of the
building, or assist therein in any way, and he did not do
so.   The whole work was carried on under the sole direc-
tion of the other architect, Mr. Donnellan, and both the
appellants and the respondents acquiesced therein.   Appel-
lants accepted Mr. Donnellan's certificates of estimates
during the progress of the work, and paid the same with-
out objection.   While the contract provided that estimates
and certificates of work done should be issued by P. J.
Donahue and J. J. Donnellan, supervising architects, yet

this provision could be waived by common consent, and no doubt was waived, under the circumstances stated, so that Mr. Donnellan was the only one who was authorized to issue certificates required by the contract. *Fitts v. Reinhart,* 102 Iowa 311, 71 N. W. 227; *Griffith v. Happersberger,* 86 Cal. 605, 25 Pac. 137, 487; *Smith v. Alker,* 102 N. Y. 87, 6 N. E. 791; 9 Cyc. 646.

Upon the second point, the contract provides:

"And it is further understood and agreed that, upon the completion of said work on said building, and within ten days thereafter, upon a certificate issued by the architects, that said work has been completed in accordance with said plans and specifications, and that the said second party has done and performed his said contract in every particular, and upon a showing made that there are outstanding no claims by reason of work performed, or material furnished, which could be made the basis of a lien upon the said building, said first party agrees to pay to said second party the balance remaining due and unpaid on said contract to said second party. It is further agreed that should there be any claims outstanding on account of labor performed, or material furnished, which might be made the basis of a lien upon said building, said first party shall have the right to retain, out of any payment due or thereafter to become due, an amount sufficient to discharge such claims or obligations. And should there prove to be any such claims, after all payments are made, the said second party shall refund to the first party all moneys that the latter may be compelled to pay in discharging any lien on said premises made obligatory in consequence of said second party's default."

The trial court found, and there is evidence to support the findings, that the building was completed; that the architect in charge thereof had issued, in good faith, his final certificate to the effect that the building had been completed in accordance with the contract, and that respondents had fully performed the contract, and that there

was still due the respondents thereon the sum of $3,988
(this amount did not include extras for which a separate
allowance was made) ; that thereupon respondents made a
showing to appellants that there were no claims outstand-
ing which could be made the basis of a lien upon the said
building, and exhibited receipts and vouchers for all labor
performed and materials furnished for said building to
and for said respondents, showing that said materials and
labor were fully paid for.   This was certainly all that was
required of the respondents, under the provisions of the
contract, to show that the balance of the contract price was
then due.

It is alleged in the answer of appellants that the Wash-
ington Cornice Company had filed a lien upon the build-
ing for materials and labor furnished in the construction
of the building, claiming a balance due of $799.90.   The
answer does not state when this lien was filed, but it ap-
pears to have been filed after the respondents' action was
commenced.   Appellants, upon filing their answer, moved
the court to require the respondents to make the Washing-
ton Cornice Company a party to this action.   This motion
was denied, and, we think, correctly so, because the statute,
at Bal. Code, § 5910, provides that all persons who *prior
to the commencement of the action* have filed lien claims
against the same property shall be joined as plaintiffs or
defendants.   Those who file claims of liens subsequently,
of course cannot be made parties.   Subsequent lien claim-
ants, by the terms of the statute, are not permitted to bring
an independent action.   They must apply to the court
to be joined as parties thereto by way of intervention. The
Washington Cornice Company did not so apply.

Numerous errors are alleged in the instructions given by
the court to the jury.   It is not necessary to consider these,
because the only question which the jury passed upon was
the appellants' liability upon the second cause of action.

This finding was in appellants' favor. The other questions are reviewable here *de novo*, and upon them we are satisfied with the findings of the lower court.

Respondents ask for a further allowance in this court for attorney's fees here. It has not been the practice of this court to allow independent attorney's fees in this court, in cases of this character. We think such allowances are more properly within the jurisdiction of the trial court, to be allowed at the time of the trial. Four hundred dollars was so allowed, and we think that amount was sufficient. The request is therefore denied.

There is no error in the record, and the judgment of the lower court is affirmed.

DUNBAR, HADLEY, and FULLERTON, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.