[No. 13109. Department Two. June 16, 1916.]

INTERIOR WAREHOUSE COMPANY, *Respondent*, v. J. W. HAYS, *Appellant*.[1]

AGRICULTURE—LIENS—FARM LABORERS — ENFORCEMENT — PARTIES. A farm laborer's lien against a crop of wheat is lost as against a purchaser not served with summons in foreclosure proceedings within eight months after filing the claim, in view of Rem. & Bal. Code, § 1190a, applying the provisions of the code for the enforcement of logging liens to farm laborer's liens, wherein it is provided (Id., § 1171) that no lien shall be binding longer than eight calendar months, unless a civil action be commenced within that time to enforce the same.

PROCESS — NECESSITY — KNOWLEDGE OF INSTITUTION OF ACTION. Knowledge of the pendency of an action to foreclose a lien would not be sufficient to give a court jurisdiction to render judgment binding upon a person not served with process.

SHERIFFS AND CONSTABLES — WRONGFUL EXECUTION — LIABILITY. Where a sheriff takes property from the possession of one not a party to the judgment, he is liable for the seizure, though acting under an execution issued on the judgment.

Appeal from a judgment of the superior court for Franklin county, Linn, J., entered March 18, 1915, upon findings in favor of the plaintiff, in an action for conversion, tried to the court. Affirmed.

*Edward A. Davis*, for appellant.

*Driscoll & Leonard*, for respondent.

MAIN, J.—The purpose of this action was to recover damages for the conversion of one hundred and seventy-two sacks of wheat. The cause was tried to the court without a jury, and resulted in findings of fact and conclusions of law and a judgment in favor of the plaintiff for the sum of $288.62. From this judgment, the defendant appeals.

No bill of exceptions or statement of facts has been brought to this court. Hence the cause is here for review

[1]Reported in 158 Pac. 99.

only upon the findings of fact, conclusions of law, and judgment.

The facts as stated in the findings, so far as necessary to an understanding of the questions to be determined, are these: During the year 1912, one Theodore Schmidt was in possession of a certain farm in Franklin county, Washington, upon which he raised a crop of wheat. Before harvesting this wheat, Theodore Schmidt mortgaged the same to A. A. Smith and C. W. Smith. Certain parties, known as Galloway and Zumwalt, performed labor in harvesting the crop of wheat. Almost immediately after the grain was harvested and threshed, Schmidt turned over the grain here in question to the mortgagees, who, with the consent of the mortgagor, sold and delivered the grain to the Interior Warehouse Company. After the wheat was sold and delivered to the Interior Warehouse Company, Galloway and Zumwalt filed a notice of claim of farm laborers' lien, and soon thereafter commenced foreclosure of the same. This farm laborers' lien described the wheat involved in this action as being then in the possession of the Interior Warehouse Company. In the foreclosure action, Theodore Schmidt alone was made a party defendant. Neither the Interior Warehouse Company nor the mortgagees in the chattel mortgage were parties to that action. In due time a judgment was entered foreclosing the lien claimed by Galloway and Zumwalt, and directing a sale of the grain by the sheriff. After this judgment was entered, the appellant, acting as sheriff, over the protest and objection of the Interior Warehouse Company, sold the wheat and delivered the same to the purchaser. The proceeds of the sale were in turn paid to Galloway and Zumwalt, the holders of the lien. Thereafter, and more than eight months after the filing of the claim for a farm laborers' lien, the Interior Warehouse Company began the present action against Hays for the value of the grain, upon the theory that he had wrongfully and unlawfully converted it.

The first question is whether the sheriff wrongfully took the grain from the possession of the Interior Warehouse Company, since that company was not a party to the action in which the judgment of foreclosure of the farm laborers' lien was entered. It was upon authority of this judgment that the sheriff sold the wheat and took possession thereof from the Interior Warehouse Company, over its objection and protest.

It may be admitted that, had the Interior Warehouse Company been made a party defendant to the action to foreclose the farm laborers' lien, it could properly have been adjudicated that the rights of the lien claimants were superior to the rights of the Interior Warehouse Company. Rem. & Bal. Code, § 1189 (P. C. 309 § 107); *Sitton v. Dubois,* 14 Wash. 624, 45 Pac. 303. Section 1190a, Rem. & Bal. Code, provides that all rights secured to the holders of liens upon logs, under chapter 7 of the code, shall inure to the benefit of those holding liens under the provisions of this chapter, and "the said lienholders hereunder, shall have the same right to have their liens recorded, the same right of foreclosure, of joinder of parties, of judgment over against the person primarily liable, and against any person who shall injure or impair their lien or any of their rights, as are above secured to the holders of liens upon logs, under said chapter VII." By this statute, those claiming a farm laborer's lien have the same right of foreclosure as do the claimants for a lien upon logs.

Section 1171, being one of the sections of chapter VII of the code, which covers the subject of liens upon logs and other timber, provides:

"No lien provided for in this chapter binds any saw-logs, spars, piles or other timber, or lumber and shingles, for a longer period than eight calendar months after the claim as herein provided has been filed, unless a civil action be commenced in a proper court, within that time, to enforce the same: . . ."

Section 1138, Rem. & Bal. Code, which is one of the sections devoted to the subject of liens of mechanics and materialmen, provides:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; . . ."

The two statutes just quoted are, to all intents and purposes, the same. In each the lien claimant is required to bring an action upon his claim within the period of eight calendar months after the claim has been filed.

Construing the mechanics' lien statute, this court has held that the statute limits the duration of the lien, and that such lien is lost as to any necessary defendant who is not served with summons within eight months. *Davis v. Bartz*, 65 Wash. 395, 118 Pac. 334; *City Sash & Door Company v. Bunn*, 90 Wash. 669, 156 Pac. 854. In the *Davis* case, it was said:

"It is the manifest purpose of this statute to require the claimant to bring suit to establish his lien while the evidence upon which it rests is sufficiently recent to enable any party interested to successfully contest it if the facts do not warrant the lien. The claimant must accord this opportunity within the time limited or lose his lien. It is equally manifest that this right of contest is as valuable, and should be as available, to a mortgagee as to the owner. A mortgagee has something more than a mere right to redeem as against an antecedent lien. He has a right to contest its validity or assail its priority if the evidence warrants either defense. He is entitled to his day in court upon these matters, within the period fixed by the statute. In this respect there is no valid distinction between necessary parties and proper parties. *Union Nat. Sav. & Loan Ass'n v. Helberg*, 152 Ind. 139, 51 N. E. 916.

"It follows of necessity, that any one interested, whether as owner, mortgagee, lien claimant, or otherwise; any one who may defend against the lien, or show by competent evidence that it is not a lien as against his interest, has the

right to invoke the statute if the action be not commenced *as against him* within the statutory period. So read the better considered authorities in construing similar statutory provisions."

In the *City Sash & Door Co.* case, it was said:

"The owner of property subject to a mechanics' lien at the time of suit is a necessary party to an action to foreclose the lien. The proceeding to establish and foreclose the lien is, in a sense, *in rem.* Jurisdiction of the subject-matter can only be acquired by service, actual or constructive, upon the owner of the interest sought to be subjected and within the statutory life of the lien."

Under the doctrine of those cases, the Interior Warehouse Company was a necessary party to the foreclosure of the farm laborers' lien claimed by Galloway and Zumwalt, unless a different construction is to be given to the statute requiring suit to be begun upon a farm laborer's lien within eight months after the lien is filed, from that given to the statute which requires a suit to be brought upon a mechanics' lien within eight calendar months after the lien has been filed. These statutes being in almost identical language, there seems to be no good reason why they should not be given the same construction.

The Interior Warehouse Company was in possession of the wheat, and had purchased the same, not only prior to the time the suit was begun to foreclose the farm laborers' lien, but also prior to the time the lien claim was filed. It cannot, therefore, be contended that the possession of the Interior Warehouse Company was not known when the suit was instituted. The appellant in this action, which was begun more than eight months after the judgment in the foreclosure action was entered, cannot rely upon the statute which makes farm laborers' liens superior to other liens or encumbrances. The eight months' period having expired, the Interior Warehouse Company had a right to invoke the statute which requires that the action to foreclose the lien be

begun within eight months after the claim for lien is filed. The Interior Warehouse Company not having been made a party to the action to foreclose, and not being served with summons within eight months, the right to the farm laborers' lien claimed by Galloway and Zumwalt as to it had been lost.

It is next claimed that, since the Interior Warehouse Company had knowledge of the pendency of the action to foreclose the lien, that it was its duty to intervene in that action, and, not having done so, it is bound by the judgment. But this contention cannot be sustained. Jurisdiction of the Interior Warehouse Company could only be obtained by service of proper process upon it. The fact that it had knowledge of the pendency of the action did not give the court jurisdiction to render a judgment that would be binding upon it. *Osborne & Co. v. Columbia County Farmers' Alliance Corporation*, 9 Wash. 666, 38 Pac. 160; *Bennett v. Supreme Tent etc. Maccabees*, 40 Wash. 431, 82 Pac. 744, 2 L. R. A. (N. S.) 389.

In the case last cited, it was said:

"The respondent, on the other hand, contends that the appellant had at least actual notice of the commencement of the action. We cannot concede for a moment that a court can acquire jurisdiction of the person in that way."

It is finally contended that the appellant is protected as to all acts done by him in selling and taking possession of the wheat, because he acted as sheriff in obedience to the mandate of legal process regular on its face and issued by competent authority. Ordinarily a writ issued to carry into effect the judgment of a court runs only against the parties named therein as defendants, and is not regular on its face so far as it concerns persons not parties to the judgment.

If a sheriff, acting under an execution issued on a judgment, takes property from the possession of one not a party to the judgment, he may be liable for the seizure of such property. *West v. Hayes*, 120 Ala. 92, 23 South. 727, 74 Am. St. 24; *Fish v. Nethercutt*, 14 Wash. 582, 45 Pac. 44,

53 Am. St. 892. In this case, as already stated, the Interior Warehouse Company was not a party to the judgment. It was in possession and claimed to be the owner of the wheat. It had not had its day in court where it could be heard as to the rights claimed prior to the time of the seizure of the wheat. In such a case, the seizure by the sheriff was wrongful, and he becomes liable in damages.

The judgment will be affirmed.

MORRIS, C. J., BAUSMAN, and PARKER, JJ., concur.