[No. 27137. Department One. July 18, 1938.]

C. V. NEUKIRCH, *Appellant,* v. ARTHUR G. WONG *et al., Respondents.*[1]

[1]Reported in 81 P. (2d) 499.

*Chas. M. Fouts* and *C. B. W. Raymond,* for appellant.

*Arthur C. Bannon,* for respondents.

*Lundin, Barto & Devin, J. Orrin Vining, Skeel, Mc-Kelvy, Henke, Evenson &˙Uhlmann,* and *Kellogg, Walters & Pedersen, amici curiae.*

MAIN, J.—This action was brought to foreclose a mechanic's and materialman's lien upon real estate in King county, this state. Service of summons was had upon the nonresident defendants by publication, and, in response thereto, they appeared specially and moved to quash the service. This motion was sustained, because, as it was thought, it was necessary to "attach or sequester" the property upon which the lien was sought to be foreclosed as a condition precedent to the right to get service upon the parties by publication. From this order, the plaintiff appeals.

The first question is whether it was necessary to attach or sequester the property in order to authorize service by publication.

Rem. Rev. Stat., § 1129 [P. C. § 9705], provides that every person performing labor upon, or furnishing material to be used in the construction, alteration or repair of, any structure, ". ˙. . has a lien upon the same for the labor performed or material furnished . . ." It will be noticed that, by this statute, a mechanic or materialman has a "lien" upon a structure for which material has been furnished or upon which labor has been performed. In order to take advantage of this lien, it is necessary that the one claiming it, whether he be laborer or materialman, do certain

things, one of which is, as provided by Rem. Rev. Stat., § 1134 [P. C. § 9710], that:

"No lien created by this chapter shall exist, and no action to enforce the same shall be maintained, unless within ninety days from the date of the cessation of the performance of such labor or of the furnishing of such materials, a claim for such lien shall be filed for record as hereinafter provided, . . ."

Here, again, the statute refers to the lien and requires the filing of a claim for the same within the time specified.

Section 1138 [P. C. § 9714], provides that:

"No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; . . ."

In that statute, there is reference to the lien created by § 1129, above referred to.

Section 1140 [P. C. § 9716], says:

"The liens provided by this chapter, for which claims have been filed, may be foreclosed and enforced by a civil action in the court having jurisdiction; . . ."

It thus appears definitely from these statutory provisions that the liens of mechanics and materialmen are specifically created by the act of the legislature, and that such liens do not have their foundation in the claim of the one seeking to avail himself of it.

Where one having a lien upon real property brings an action to foreclose it, he has a right to get service by publication upon nonresident defendants for the purpose of making the property available to his claim without attaching or sequestering it in any manner.

In *Roller v. Holly*, 176 U. S. 398, 44 L. Ed. 520, 20 S. Ct. 410, after referring to certain cases, it was said:

"The substance of these cases is that if the plaintiff be in possession, or have a lien upon land within a cer-

tain State, he may institute proceedings against non-residents to foreclose such lien or to remove a cloud from his title to the land, and may call them in by personal service outside of the jurisdiction of the court, or by publication, if this method be sanctioned by the local law.

"In suits for the foreclosure of a mortgage or other lien upon such property, no preliminary seizure is necessary to give the court jurisdiction. The cases in which it has been held that a seizure or its equivalent, an attachment or execution upon the property, is necessary to give jurisdiction are those where a general creditor seeks to establish and foreclose a lien thereby acquired. Of this class *Cooper v. Reynolds,* 10 Wall. 308, is the most prominent example. In that case a plaintiff in an action for false imprisonment had attached the property of Reynolds in certain lands, which were sold upon execution to Cooper, who was put in possession by the sheriff. Reynolds, the original owner, brought ejectment against him, and it was held by this court that Reynolds' title to the land had been divested by the attachment proceedings, upon the ground that, in this class of cases, the levy of the attachment gave the court jurisdiction. But the object of such attachment is merely to give a lien upon the property which the courts may enforce; and if a lien already exists, whether by mortgage, statute or contract, the court may proceed to enforce the same precisely as though the property had been seized upon attachment or execution."

There are many other cases to the same effect, but the rule is so well settled that the multiplication of the citation of authorities is not necessary.

There is no substantial difference in the procedure whether the action be one to foreclose a mortgage upon real estate or an action to foreclose a mechanic's or materialman's lien. It is true that, in the case of a mortgage, the lien is created by the act of the parties, while, in the case of mechanics or materialmen, it is created by the act of the legislature. In either case,

the lien has the same dignity, so far as it furnishes a basis for service by publication upon nonresident owners in an action to foreclose. It would hardly be contended that, in the case of a mortgage, as a condition precedent to the right to get service by publication on nonresidents, it would be necessary to attach or sequester the property.

There is nothing in the case of *Pennoyer v. Neff*, 95 U. S. 714, 24 L. Ed. 565, to the contrary. It was there held that purely an action *in personam* could not be maintained against a nonresident owner and judgment secured based upon service by publication. In that case, there was no lien upon the property of the nonresident owner, and it was not attached. It is recognized in that case that substituted service by publication is sufficient to confer jurisdiction "where property is once brought under the control of the court by seizure or some equivalent act." There is nothing in the opinion in that case which can reasonably be construed as the expression of an opinion by the court that a lien which exists against property of a nonresident may not be foreclosed and service had upon the owner by publication.

It is said, however, that this action was not commenced within eight months after the claim for lien had been filed, as required by § 1138. The beginning of the publication of service was within that time, but it was not completed until after the eight months' period had expired. Rem. Rev. Stat., § 220 [P. C. § 8432], provides that civil actions in the superior courts of this state shall be commenced by service of summons, and, where there is service by publication, it must be commenced within the period limited by law. It is not necessary that the service be completed within that time. *Deming Inv. Co. v. Ely*, 21 Wash. 102, 57 Pac.

353; *City Sash & Door Co. v. Bunn,* 90 Wash. 669, 156 Pac. 854, Ann. Cas. 1918B, 31.

The case of *Slater v. Roche,* 148 Iowa 413, 126 N. W. 925, 28 L. R. A. (N. S.) 702, which holds otherwise, is based upon a statute substantially different in its wording than the statute of this state.

We see no merit in the contention that the affidavit for publication filed in this case was insufficient because it did not conform to the statutory requirements; and the fact that there was no sheriff's return to the effect that the defendants could not be found in the county, does not affect the validity of the publication. *Allen v. Peterson,* 38 Wash. 599, 80 Pac. 849.

The order appealed from will be reversed, and the cause remanded for further proceedings.

STEINERT, C. J., SIMPSON, HOLCOMB, and GERAGHTY, JJ., concur.