[No. 6809-9-III.   Division Three.   July 29, 1986.]

KARL HASEK, ET AL, *Respondents,* v. TERRENE EXCAVATORS, INC., ET AL., *Defendants,* PACIFIC WEST MARKETING, INC., *Appellant.*

*Mark S. Elgot* and *Murphy, Elgot & Moore,* for appellant.

*Edward L. Mueller* and *Carney, Stephenson, Badley, Smith, Mueller & Spellman, P.S.,* for respondents.

McINTURFF, A.C.J.—Pacific West Marketing (PWM) appeals a judgment foreclosing the lien of Karl and Eva Hasek, d/b/a Hasek Construction Co. (Hasek). The primary issue is whether Hasek is bound by a previous judgment of foreclosure entered against the same property in an action to which it was not a party. We affirm.

Reintree Corporation and Starwater, Inc. (Reintree) owned Starwater Division 1, property in the Snoqualmie Pass area, which they undertook to develop in 1978–79. Terrene Excavators, Inc., Far Construction Co., a partnership, Giaudrone and Strong, a partnership, and Kingco Excavating, Inc., performed site development work on the entire division. Hasek constructed cabins on lots 7, 8 and 9

of the division.

In December 1979, Terrene, Far and Kingco recorded liens against the property. On February 25, 1980, Terrene commenced a foreclosure suit against Kingco, Far and Reintree. On April 15, 1980, Hasek recorded a lien against lots 7, 8 and 9. On May 16, 1980, Giaudrone recorded its lien, and on June 30, 1980, it successfully moved to intervene in Terrene's foreclosure action.

TERRENE'S ACTION

| | |
|---|---|
| July 10, 1980 | Trial occurs. |
| August 21, 1980 | Hasek unsuccessfully moves to intervene. |
| September 2, 1980 | The court enters its findings, conclusions and judgment of foreclosure. |
| September 3, 1980 | Reintree moves for reconsideration. |
| September 17, 1980 | The court denies Reintree's motion. |
| December 12, 1980 | Terrene and Far purchase lots 7 and 8 at the sheriff's sale. Kingco purchases lot 9. |
| January 18, 1982 | Terrene and Far sell lots 7 and 8 to Richard Toohey. |
| June 18, 1982 | Mr. Toohey quitclaims the lots to PWM. |

HASEK'S ACTION

| | |
|---|---|
| September 4, 1980 | Hasek commences its action against Reintree and the other lienholders. |
| September 18, 1980 | Hasek files an amended complaint. |
| June 7, 1982 | Hasek notes its action for trial setting. The court sets trial for July 20. |
| June 28, 1982 | PWM moves to substitute itself for Terrene and Far. |
| June 28, 1982 | The court permits PWM to intervene. |
| July 12, 1982 | Hasek moves for a continuance because, *inter alia,* PWM's intervention necessitates more discovery. The court grants a continuance until |

| | December 9, 1982. |
|---|---|
| September 9, 1982 | Kingco files for bankruptcy, thereby staying Hasek's action. |
| September 1983 | Kingco's bankruptcy trustee sells lot 9, which lifts the stay. |
| October 4–5, 1983 | Trial occurs. At the beginning of trial, PWM moves to dismiss the action on the grounds that (1) RCW 60.04.120 requires all lien foreclosures to be brought in one action; and (2) Hasek failed to prosecute its action in a timely manner. The court denies the motion, reasoning that (1) Hasek's lien was not affected by Terrene's earlier judgment because Hasek had never been served in that action, and (2) Hasek had acted timely. At the end of the trial, the court renders an oral decision in Hasek's favor. |
| September 4, 1984 | PWM again moves to dismiss Hasek's action for failure to prosecute to judgment. |
| October 4, 1984 | The court denies PWM's motion to dismiss. |
| October 22, 1984 | The court enters findings and conclusions foreclosing Hasek's lien and holding that PWM's rights are subject to that lien. |

Is Hasek's judgment of lien foreclosure valid? At issue is the construction of RCW 60.04.120:

[N]o person shall begin an action to foreclose a lien upon any property while a prior action begun to foreclose another lien on the same property is pending, but if not made a party . . . to such prior action, he may apply to the court to be joined as a party thereto, and his lien may be foreclosed in such action[.]

PWM argues the foregoing mandates adjudication of all

lien claims in one action and imposes a duty on Hasek to intervene in Terrene's action in a timely manner. Hasek maintains that the statute permits rather than mandates intervention. Furthermore, Hasek asserts the Superior Court in Terrene's action had no jurisdiction to determine its lien claim since it was not made a party to the action nor did it intervene and thereby submit to the court's jurisdiction.

■ The law supports Hasek's position. Actions to foreclose mechanics' liens are quasi in rem proceedings, *i.e.,* they determine the interests of *certain defendants* in a thing in contrast to a proceeding in rem, which determines the interests of *all* persons in the thing. 2 L. Orland, Wash. Prac., *Trial Practice* § 31, at 51–52 (1972); *Neukirch v. Wong,* 195 Wash. 451, 455, 81 P.2d 499 (1938).

In *Davis v. Bartz,* 65 Wash. 395, 397, 118 P. 334 (1911), the court held the interest of the holder of a judgment of lien foreclosure was subject to a later foreclosed mortgage because the mortgagee was not a party to the lien foreclosure. Citing the predecessor statute to RCW 60.04.120, the court commented at page 401:

> It is obvious that the only purpose of the section is to *authorize* the foreclosure of all liens on the same property in one action and to avoid a multiplicity of suits[.]

(Italics ours.) Since the lienor failed to make the mortgagee a party to the suit to foreclose the lien, he was remitted to his original lien in his defense to the mortgage foreclosure. However, by the time the mortgagee brought his foreclosure action, the lienor had no lien. It had expired by force of the statute which requires that a lien foreclosure action be commenced within 8 months after the lien is filed. *Davis,* at 402.

PWM would limit *Davis* to mortgagees. But the rationale of the case is broader than that:

> It follows of necessity that any one interested, whether as owner, mortgagee, *lien claimant,* or otherwise; any one who may defend against the lien, or show by competent evidence that it is not a lien as against his interest, has

the right to invoke the [8 months' limitation] statute if the action be not commenced *as against him* within the statutory period.

(Some italics ours.) *Davis*, at 398 (citing *Smith v. Hurd*, 50 Minn. 503, 52 N.W. 922 (1892)).

Here, Hasek was not a party to Terrene's action, and the court there had no jurisdiction over it. Thus, the judgment liens created in that action did not affect Hasek's interest.[1] Moreover, the liens which were the subject of Terrene's action expired as to Hasek's interest because they were not commenced against Hasek within the 8–month statutory time period. *Davis*; RCW 60.04.100.[2]

PWM's reliance on *Lavanway v. Cannon*, 37 Wash. 593, 79 P. 1117 (1905) is misplaced. PWM cites *Lavanway* as authority for its argument that a lien claimant who does not join an existing lien foreclosure action is bound by that action. We do not read *Lavanway* as supporting this proposition. Rather, *Lavanway* holds only that an owner cannot

---

[1]Because the Superior Court had no jurisdiction over Hasek in Terrene's action, PWM's argument that Hasek had both actual and constructive knowledge of the other lien claimants is immaterial. *See Interior Warehouse Co. v. Hays*, 91 Wash. 507, 158 P. 99 (1916), where the court held that the purchaser of grain from certain mortgagees was a necessary party to the foreclosure of a farm laborer's lien and that jurisdiction of the purchaser could only be obtained by service of process upon it. The court stated:

> The fact that [the purchaser] had knowledge of the pendency of the action did not give the court jurisdiction to render a judgment that would be binding upon it.

*Hays*, at 512.

[2]RCW 60.04.100 provides:

> Duration of lien—Limitation of action—When action commenced. No lien created by this chapter binds the property subject to the lien for a longer period than eight calendar months after the claim has been filed unless an action be commenced in the proper court within that time to enforce such lien; . . . *Provided*, That . . . an action to enforce such lien shall not be timely commenced unless the filing of summons and complaint . . . shall be made prior to the expiration of the eight month period, and *service of the summons and complaint shall be made upon all necessary parties* . . . not later than ninety days after the filing of the summons and complaint.

(Italics ours.) In *Davis*, at 398, the court held that there was "no valid distinction between necessary parties and proper parties" in the context of parties interested in a foreclosure action.

compel the plaintiff in a lien foreclosure action to join a subsequent lien claimant. *Lavanway,* at 599.

Finally, PWM notes that under RCW 60.04.120 "no person shall begin an action to foreclose a lien upon any property while a prior action begun to foreclose another lien on the same property is pending". Here, Hasek filed its first complaint on September 4, prior to the September 17, 1980 denial of Reintree's motion for reconsideration in Terrene's action. But Hasek's amended complaint was filed on September 18, after the denial of Reintree's motion. The filing of the amended complaint *after* Terrene's judgment was final precludes any argument that Hasek's action was premature. Moreover, PWM cites no authority for the proposition that Hasek's judgment should be *void* because it was initiated prior to completion of Terrene's action.

We hold Hasek's foreclosure action was valid. Since the liens of the claimants in Terrene's action have expired as to Hasek, RCW 60.04.100, any argument that they are prior to Hasek's lien also fails.

The judgment of the Superior Court is affirmed.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

MUNSON and THOMPSON, JJ., concur.