In re HUTCHINGS & HARPER
ENTERPRISES, INC., Debtor.

James P. HARPER, and Hutchings &
Harper Enterprises, Inc., an Oregon
corporation, Plaintiffs–Appellants,

v.

HAERTL CONSTRUCTORS, INC., an
Oregon corporation, L & M Develop-
ment/National Self Storage; Atlantic
Richfield Company, a Delaware corpo-
ration; and Partners Preferred Yield, a
California partnership, Defendants–Ap-
pellees.

No. 388–03561–S11.

Adv. No. 89–3073(S).

Civ. No. 90–374–FR.

United States District Court,
D. Oregon.

July 12, 1990.

Neil T. Jorgenson, Don Thacker, Boun-
eff, Chally & Jorgenson, Portland, Or., for
plaintiffs-appellants.

Scott Howard, Schwab, Hilton & Ho-
ward, Portland, Or., for defendants-appel-
lees.

## OPINION

FRYE, District Judge:

The matter before the court is an appeal
by plaintiffs, James P. Harper and Hutch-
ings & Harper Enterprises, Inc. (collective-
ly, Harper), from an order of the United
States Bankruptcy Court granting partial
summary judgment in favor of defendants
Atlantic Richfield Company (Arco) and
Partners Preferred Yield (Partners). The
bankruptcy court denied foreclosure of the
construction lien which was filed by Harper
against the property of Arco and Partners
in King County, Washington. For the rea-
sons stated below, this court affirms the
decision of the bankruptcy court granting
partial summary judgment in favor of Arco
and Partners.

## UNDISPUTED FACTS

On July 7, 1988, Harper filed a notice of
claim of construction lien for work per-
formed on the Pacific Highway Mini Stor-
age located in King County, Washington.
L & M Development/National Self Storage
was the owner of the subject property
when Harper filed the notice of lien.

On July 15, 1988, Partners became a
partial owner of the subject property
through a statutory warranty deed. On
November 3, 1988, Arco became a partial
owner of the subject property, also through
a statutory warranty deed. Both Arco and
Partners acquired interests in the subject
property after Harper filed its lien.

On August 5, 1988, Hutchings and Har-
per Enterprises, Inc. filed a petition for
relief under Chapter 11 of the Bankruptcy
Code. On March 2, 1989, Harper filed a
complaint in the bankruptcy court to fore-
close upon the lien. This complaint was
filed four days before the lien expired.
The complaint does not name Arco or Part-
ners as defendants. James P. Harper
claims that he did not know that Arco and
Partners acquired interests in the subject
property until August 17, 1989. Counsel

for Harper claims that it was not possible to obtain a title report before the lien expired. Upon receiving the title report and learning that Arco and Partners were owners of the property, Harper filed an amended complaint naming Arco and Partners as defendants. On August 22, 1989, Harper served the amended complaint on Arco and Partners. The amended complaint was untimely filed.

## CONTENTIONS OF THE PARTIES

Harper argues that the bankruptcy court erred by finding that under either Fed.R. Civ.P. 15(c) or under Superior Court Civil Rule 15(c) of the State of Washington, the filing date of the amended complaint against Arco and Partners does not relate back to the filing date of the original complaint. Harper also argues that Arco and Partners had constructive notice of the lien. Arco and Partners argue that whether they had constructive notice of the notice of lien is irrelevant because the notice of lien does not commence the foreclosure action, and they did not have actual notice of the filing date of the original complaint.

## ANALYSIS AND RULING

The court reviews *de novo* a grant of summary judgment based on the doctrine of relation back. *Lamothe v. Atlantic Recording Corp.*, 847 F.2d 1403, 1404 (9th Cir.1988). Superior Court Civil Rule 15(c) of the State of Washington is substantively similar to Rule 15(c) of the Federal Rules of Civil Procedure. Washington courts look to federal law to determine if an amended complaint relates back to the filing of the original complaint. *Harding v. Will*, 81 Wash.2d 132, 500 P.2d 91, 95 n. 2 (1972).

Under the law of the State of Washington, a construction lien expires eight months after the filing of the lien unless an action has been commenced. R.C.W. 60.-04.100. The owner of the property must be joined as a defendant in order to properly commence a foreclosure action. A construction lien will expire if the complaint is not perfected by service of process on all necessary parties within ninety days of the filing of the complaint. *Hasek v. Terrence Excavators, Inc.*, 44 Wash.App. 554, 723 P.2d 1153, 1155–56 (1986); R.C.W. 60.04.-100.

Here, Arco and Partners were not joined as defendants in the foreclosure action within eight months after the filing of the notice of lien or within ninety days after commencement of the action in the bankruptcy court. Therefore, Harper can join Arco and Partners as defendants only if the amended complaint relates back to the original complaint.

In *Schiavone v. Fortune*, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), the Court established a four-part test to determine if an amended complaint which adds a defendant relates back to the original complaint under Fed.R.Civ.P. 15(c).

Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

477 U.S. at 29, 106 S.Ct. at 2384.

There is no dispute that the first factor is satisfied in this case. However, as to the second factor, Harper may not join Arco and Partners in the amended complaint unless they should have had notice that Harper would bring a lawsuit against them in the bankruptcy court to enforce the construction lien. *Craig v. United States*, 413 F.2d 854, 857 (9th Cir.), *cert. denied*, 396 U.S. 987, 90 S.Ct. 483, 24 L.Ed.2d 451 (1969).

Harper asserts that the notice of construction lien filed in King County, Washington should have given Arco and Partners notice of the complaint filed in the bankruptcy court. The notice of construction lien, however, gave Arco and Partners notice only that they bought the property

subject to a lien. The notice of construction lien would not give them notice that Harper would file for bankruptcy and that a complaint to foreclose the construction lien would be filed. " '[A]ction,' as used in Rule 15(c), means a lawsuit, and not the incident giving rise to a lawsuit." *Craig*, 413 F.2d at 858. The court finds that the filing of the amended complaint does not relate back to the filing of the original complaint.

## CONCLUSION

The decision of the bankruptcy court granting partial summary judgment in favor of Arco and Partners is affirmed.