3 w 125<br>14 585

[Decided February 1, 1887.]

WILLIAM MACE *v.* D. J. GADDIS, S. H. BECK-
WITH, W. H. TICKNOR, AND G. S. RODERICK.

1. JUDGMENT — TENDER — NONSUIT. — It is error to render judgment of
   nonsuit against the plaintiff when defendant by answer admits a por-
   tion of plaintiff's demand to be due, and tenders in court the amount
   admitted to be due.
2. SHERIFF — DEPUTY — BOND — SURETIES — ATTACHMENT. — Sureties on
   the official bond of a sheriff are liable for the wrongful act of the
   sheriff or his deputy in wrongfully attaching property exempt from
   execution. The sureties are liable when neither the writ nor the office
   gave any right to commit the trespass.

ERROR to the District Court holding terms at Monte-
sano. Second District.

The plaintiff sued the defendant Gaddis, as sheriff,
and the sureties on the sheriff's official bond, to re-
cover damages for the wrongful act of the sheriff's
deputy, who attached and took possession under a
writ of attachment issued out of the District Court,
of certain real estate which as a homestead was ex-
empt from attachment. The defendant, after denying
the trespass and damages, pleaded specially that before
suit, and upon the surrender of the attached property
by the deputy sheriff, he tendered all moneys collected
by him for rent of attached property in payment of
plaintiff's demand for damages, and continued his offer
to pay the moneys into court. Plaintiff in reply denied
generally. On the trial, plaintiff offered evidence to
prove the wrongful seizure by deputy holding writ of
plaintiff's real estate, and the collection of the rents
of said property by sheriff, and other damages. The
court excluded such evidence, and gave judgment of
nonsuit against plaintiff, and the latter sued out his
writ of error.

*Mr. T. D. Scofield*, for the Plaintiff in Error.

The deputy sheriff had no authority under his writ of attachment to take possession of the plaintiff's buildings, or to collect the plaintiff's wharfage money, and he became a trespasser in so doing. (Drake on Attachment, 184, 186; *Wood* v. *Weir*, 5 B. Mon. 544; *Bailey* v. *French*, 28 Vt. 546.) It became material on the trial to show that the deputy sheriff in seizing and holding possession of said premises acted *colore officii*. The attachment papers offered were the best evidence to prove that fact. (Code, sec. 430; *Macy* v. *Goodwin*, 6 Cal. 579; *Hicks* v. *Coleman*, 25 Cal. 122; *Gregory* v. *McPherson*, 13 Cal. 374.) The rule is well settled that a sheriff and his bondsmen are liable for the official acts of his deputy, and the deputy's act in seizing and holding possession of said premises, being unauthorized by law, was such official misconduct as renders the defendants liable in this action on their official bond. (Code, p. 480, sec. 2767; *Hirsch* v. *Warren*, 39 Cal. 315; Harlow on Sheriffs, 350, 351; Cooley on Torts, 132, and cases cited; *Lammon* v. *Feusier*, 111 U. S. 20; *Phelps* v. *Lucas*, 93 N. Y. 586; *Greenfield* v. *Wilson*, 13 Gray, 384; *Tracy* v. *Goodwin*, 5 Allen, 409; *State* v. *Fitzpatrick*, 64 Mo. 185; *Charles* v. *Huskins*, 11 Iowa, 329; *United States* v. *Hine*, 3 McArth. 27; *Lovell* v. *Parker*, 10 Mich. 309, 313.) The defendants in the second paragraph of their answer admit a liability to the plaintiff in the sum of $14.40, pleading a tender and paying that sum of money into the court. The plaintiff was clearly entitled to a judgment on the pleadings for that amount, and the court erred in nonsuiting the plaintiff at the trial. (*Fuller* v. *Patton*, 16 Ohio, 458; *Raymond* v. *Barnard*, 12 Johns. 274; *Eddy* v. *O'Hara*, 14 Wend. 221; *Cady* v. *Nance*, 17 Mass. 389; *Suffolk Bank* v. *Mercantile Bank*, 5 Pick. 106.) A plea of tender only affects interest and costs, and if no evidence had been given by plain-

tiff, the proper judgment for the court to have rendered should have been a judgment for the plaintiff for the amount tendered, and a judgment in favor of the defendant for costs. (Code, secs. 516, 517; *Fuller* v. *Pelton*, 16 Ohio, 457; *Eddy* v. *O'Hara*, 14 Wend. 221.)

*Mr. D. P. Ballard*, for the Defendant in Error.

On the question of tender, the amount is too insignificant for this court to reverse the judgment, and put the defendants sued as sureties to additional costs and litigation. *De minimis non curat lex.* (Brown's Legal Maxims, 134.)

Mr. Justice LANGFORD delivered the opinion of the court.

In this case the appellant files a brief on the merits, citing numerous authorities. The appellee files a brief to the merits and to points for dismissal, that to the merits and to points of dismissal being confused together, but citing no authority. The appellant appears and argues the cause; the appellee makes no appearance except by his said brief. The cause being in this attitude, we will decide the same upon the merits.

The complaint alleges that one of the appellees was sheriff and the other defendants his official bondsmen; that the sheriff, by his deputy, in an attachment proceeding attached appellant's real estate, which was exempt from attachment; drove appellant therefrom; took possession thereof; held possession for about a month, collecting wharfage to the amount of one hundred dollars as rents and profits of said real estate; and broke up the defendant's business, to his great damage.

The answer pleads that when he quit said premises the sheriff tendered all the rents and profits which he had received, to wit, $14.50 to appellant, and brings it into court and tenders it in the action. The trial came on to be heard on these pleadings, and after the

plaintiff there (appellant here) had tendered evidence proving every material allegation in the complaint, the court rejected said evidence, and granted a nonsuit on the motion of appellees (defendants below), and also on said motion rendered judgment against said plaintiff for costs, and failed to give judgment for plaintiff for the amount tendered in court as aforesaid. The failure to enter judgment for the amount tendered must have been an oversight caused by the hurry of business of the court, and not intended by the court. It is too plainly error to require argument.

The only remaining point of law which arises from the record is whether such torts as were committed by the sheriff in this case are such a breach of official duty as to make the bondsmen liable. It has been held in several cases that when a sheriff acts so far beyond his authority that his said acts are a pure trespass *ab initio*, such acts are not done from the color of his office, hence, that his bondsmen are not liable for the trespass. The weight of authority is the other way; and to the effect that acts which are entirely unauthorized by the office, and the writ as a levy made upon property exempt from levy, and a levy upon the property of a stranger to the writ, made the bondsmen liable. It has been held by a large number of authorities, and the Supreme Court of the United States among them, that the bondsmen are liable for such acts as these, where neither the writ nor the office gave any right whatever to commit the trespass. (*Lemon* v. *Turner*, 111 U. S. 20; Harlow on Sheriffs and Constables, secs. 343, 352. The courts do not clearly define what other acts than the above are such as are done by the color of office, but these decisions do show that the color of office exists where there is not a color of right. We can see no reason for this rule, except it be that for an officer to pretend he has a right to commit an act because his writ and his office give him the right is color of office. His official posi-

tion gives him an advantage over private persons, and it being a breach of his official duty to use this advantage, his bondsmen are liable therefor. This trespass is clearly within this reason. Though the sheriff had no official right to commit the trespass complained of, yet he used his official power to cause the injured party to submit to his trespass.

We think that the plaintiff ought to recover compensatory damages for these wrongful acts, and hence that the judgment should be reversed, and the cause remanded to the District Court for a new trial according to this opinion, and that appellant recover the costs of this appeal, and it is so ordered.

GREENE, C. J., and TURNER, J., concurred.