[No. 2265. Decided May 26, 1896.]

Sophronia Fish, *Respondent,* v. M. C. Nethercutt *et al., Appellants.*

SHERIFF — LIABILITY OF SURETIES ON BOND FOR UNLAWFUL LEVY — MEASURE OF DAMAGES.

Sureties on a sheriff's bond are liable for his mistake in taking the goods of a stranger under process, when attempting, in discharge of his duty, to take those of the person named in the process.

The value of the property, without any allowance for personal humiliation or sense of wrong is the measure of damages for an unlawful taking of property by an officer without any malice or desire to oppress.

Appeal from Superior Court, Spokane County.— Hon. Norman Buck, Judge. Reversed.

*D. W. Henley*, and *Plummer & Thayer*, for appellants.
*Harris Baldwin*, for respondent.

The opinion of the court was delivered by

HOYT, C. J.— Defendant Rinear was sheriff of Spokane county. Defendants Nethercutt were husband and wife and the owners of a mortgage made by one Emery Fish. The other defendants were sureties upon the official bond of said sheriff. The mortgage held by the Nethercutts was placed in the hands of the sheriff for foreclosure, and by virtue thereof the property in dispute was taken into his possession as that of the mortgagor Emery Fish. The plaintiff, the wife of said Emery Fish, brought this action to recover damages for the conversion of the property, claiming that it belonged to her and that her husband had no interest whatever therein, at the time it was mortgaged or at the time when it was taken by the sheriff in the proceeding to foreclose. In plaintiff's complaint the property was alleged to be of the value of $250. The trial of the issues made upon this complaint resulted in a verdict and judgment for the plaintiff in the sum of $628, beside costs.

Two reasons are stated in the brief why this judgment should be reversed, (1) that the complaint does not state a cause of action; and (2) that the court gave an erroneous instruction to the jury as to the measure of damages. The claim that the complaint is insufficient is founded upon the fact that it appears upon its face that the plaintiff was a stranger to the process under which the sheriff was acting when he seized her goods. And it is contended that the action of the sheriff in taking the goods of a stranger to the process under which he was acting was not such an

official act as to constitute a breach of the conditions of his official bond, if wrongful; and the case of *Marquis v. Willard*, 12 Wash. 528 (41 Pac. 889) is cited to sustain the contention. An examination of that case, however, will show that the question thus presented was not therein decided. On the contrary it will appear from the opinion that the weight of authority was to the effect that the seizure by an officer under process of the goods of a person not named therein was, though a pure trespass, such an official act as to make the sureties on his bond liable for damages. What was decided in that case was that if an officer without process did an act which the undisputed facts showed he had no right to do, such act would not be done by virtue of his office, but at most only under color of office.

The distinction which was there attempted to be drawn and which seems to be founded upon a correct course of reasoning, was that when an officer was called upon to act in his official capacity, the sureties upon his bond would be liable for such action, even though he should so depart from the command of the process under which he was acting as to make his act thereunder a pure trespass; but that, when there was nothing which called upon him to act in his official capacity, the fact that he assumed to do so in violation of law would not warrant the holding that his action was by virtue of his office. In other words, the sureties upon the official bond of an officer are liable for a mistake of fact made by the officer in attempting to discharge a duty which he is called upon to perform by virtue of his office, but are not liable for a mistake of law by reason of which he assumed to act as an officer, when the undisputed facts show that he was not called upon to act in his official capacity. This

view seems to us a logical one, and the appellants having conceded that the greater number of cases hold in accordance therewith, we feel justified in adopting it. It was recognized in the case of *Mace v. Gaddis*, 3 Wash. T. 125 (13 Pac. 545). The complaint having shown that the sheriff had process in his hands which called upon him to take the property in question, if the property of the mortgagor, his mistake in taking thereunder the property of the plaintiff was one of fact and, being a question of fact which he had to decide in the discharge of his duties as such sheriff, the sureties upon his bond were responsible for his mistake in deciding it.

The court instructed the jury that in determining the damage to which the plaintiff was entitled they might consider the value of the property and the circumstances under which it was taken, and also any sense of wrong suffered and feeling of humiliation and disgrace engendered by the wrongful taking of the property. Whether or not such would have been a proper instruction if the complaint had alleged facts tending to show that the taking was with such unnecessary violence as to show malice, or even as to show an intent to harass or oppress the plaintiff, we are not now called upon to decide. It was only alleged in the complaint that the taking was wrongful and unlawful, and under such an allegation the value of the property when taken, or at such time as the plaintiff may elect between the time of taking and the bringing of the action, with interest thereon, is the measure of damages. It is claimed on the part of the respondent that this instruction must be interpreted in the light of another one given by the court to the effect that they could give nothing by way of punitive or exemplary damages, but in our opinion it did not state the law,

even when aided by such instruction. If, when the taking is alleged to be unlawful and no facts tending to show malice or desire to oppress are alleged, the measure of damages is the value of the property with interest, it was error on the part of the court to authorize the jury to take into consideration any other elements of damage.

The judgment will be reversed and the cause remanded for a new trial.

SCOTT, ANDERS, DUNBAR and GORDON, JJ., concur.