### · S. CASSELINI *v.* GEORGE BOOTH.

January Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed February 11, 1905.

*Trover—Intoxicating Liquor—Officer—Justification Under* *Process—Void Precept—Justice of the Peace—Jurisdiction—Complaint—Search Warrant.*

A justice of the peace has no authority to issue a warrant for search and seizure of intoxicating liquor, under § 61, No. 90, Acts 1902, upon a written complaint which recites that the complainant "in his own proper person and upon his oath of office makes complaint," but does not disclose the complainant's office; and such warrant so issued and attached to such complaint is void and affords no protection to the officer serving the same.

TROVER for one barrel of ale. Plea, the general issue, with notice of justification under a search warrant issued by a justice of the peace, and directed to the defendant as police officer of the city of Barre. Trial by court in the City Court of the city of Barre, *Fay,* Judge. Judgment for the defendant. The plaintiff excepted.

The complaint in question was exhibited to the justice of the peace who signed and issued the warrant. But said com-

plaint contains no reference to any justice. It begins: "To the City Court, within and for the city of Barre, in the County of Washington:

Comes Charles Zanleoni, and for said city of Barre, in his own proper person, and upon his oath of office makes complaint" etc.

*H. C. Shurtleff* for the plaintiff.

*Gordon & Jackson* for the defendant.

TYLER, J. This action is trover for one barrel of ale. The defendant admitted the taking of the property, but justified the act upon the ground that it was by virtue of a search warrant directed to him as a police officer of the city of Barre by a justice of the peace. The trial court found the facts set out in the plea and notice and further found that the complainant was one Charles Zanleoni, who was a native of Italy and had taken no steps towards naturalization other than that he had filed in the City Court of the city of Barre, which is a court of record having a seal, his intention to become a citizen of the United States; that the ale was found by the defendant in circumstances which warranted him in believing that it was kept for sale or other unlawful disposition, and that he believed that the complainant was a citizen of the United States. The complaint recited that the complainant "in his own proper person and upon his oath of office" made complaint, etc.

It is the law that a ministerial officer is protected in the execution of process, when it issues from a court of general jurisdiction, although such court, in fact, has no authority in the particular case, provided it appears upon the face of the process that the court has jurisdiction, and nothing appears to apprise the officer that the court has no authority. But it is

also held that if a ministerial officer executes any process upon the face of which it appears that the court which issued it had not jurisdiction of the subject matter nor of the person or the process, such process will afford the officer no protection for acts done under it. 2 Am. & Eng. Ency. 893 and cases cited in the notes; *Savacool* v. *Boughton,* 5 Wend. 170, 21 Am. Dec. 181; *Driscoll* v. *Place,* 44 Vt. 252; *Carlton* v. *Taylor,* 50 Vt. 220; *Vaughn* v. *Congdon,* 56 Vt. 111.

It is not contended that the justice could issue a warrant without a complaint being made to him in writing by an officer or a private citizen, upon oath, in compliance with Sec. 61, No. 90, Acts of 1902. It is within his jurisdiction to issue his warrant for search and seizure, but he must be moved to issue it by complaint made pursuant to the statute. He could not have issued the warrant of his own motion.

It cannot be maintained that this process was regular upon its face. Zanleoni professed to make complaint upon his oath of office but did not disclose the office. If he intended to complain as a private citizen, he did not so declare; therefore the justice of the peace had no more authority to issue the warrant than he would have had if the complaint had not been signed by any person. See *Goodell* v. *Tower,* reported in this volume, 58 Atl. 790, and cases cited in the opinion.

As it does not appear upon the face of the process that Zanleoni had any authority to make the complaint as state's attorney, city attorney, as a city grand juror, nor as a private citizen, the process was void and afforded the defendant no authority for serving it.

*Judgment reversed and cause remanded.*