· [No. 17671. Department One. April 30, 1923.]

## Mrs. Bertha M. Young, *Appellant*, v. C. E. Long, *Respondent*.[1]

Sheriffs and Constables (14)—Wrongful Levy—Liability—Property of Third Person. A sheriff being liable for the wrongful acts of his deputy, he is a trespasser if his deputy levies upon property of a third person as the property of the defendant.

Same (20)—Wrongful Levy—Right of Action—Election. Upon a wrongful levy upon property not belonging to the defendant, plaintiff has a choice of remedies and may sue the sheriff for a conversion without resorting to the proceeding of claim and delivery under Rem. Comp. Stat., §§ 707-717.

Same (22)—Wrongful Levy—Action Against Officer—Pleading—Liability. In an action against a sheriff for a wrongful levy on property not belonging to the defendant, the complaint need not allege that he is a sheriff, but may be sued in his individual capacity.

Same (14, 24)—Wrongful Levy—Ownership—Evidence—Sufficiency. In an action against a sheriff for a wrongful levy upon an automobile as the property of plaintiff's husband, plaintiff's ownership is a question for the jury, where it appears that the car was purchased in Minnesota by the husband for $650 and his personal note, secured by mortgage, for a balance of $500, and the plaintiff testified that the $650 was her money, that her money paid off the chattel mortgage, which was released and a bill of sale taken in her name, she having purchased the car for her own use on the advice of a physician, and that she notified the officers of her ownership when it was attached.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered May 13, 1922, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action for conversion. Reversed.

*Patrick C. Shine,* for appellant.

*E. H. Belden* and *William C. Meyer,* for respondent.

[1]Reported in 214 Pac. 821.

HOLCOMB, J.—In an action by appellant for the wrongful taking of a certain described Buick roadster automobile of the alleged value of $1,250, not taken for a tax, assessment or fine pursuant to statute, or seized under an execution or attachment against the property of appellant, the jury found in favor of the appellant, and found the value of the automobile to be $900. Upon motion by respondent for judgment n. o. v. in his favor, the same was granted and this appeal results.

The complaint proceeded against respondent personally, and did not designate him as in his official capacity. The answer of respondent denied the allegations of the complaint and affirmatively pleaded that appellant and one Clarence Young are husband and wife; that respondent is sheriff of Spokane county; that, before the commencement of the action of appellant, there was filed an action in the superior court for Spokane county wherein the Federal Rubber Company was plaintiff and Clarence Young, husband of appellant, was defendant; that, in that action, a writ of attachment was issued directed to the sheriff to levy upon the personal property of Clarence Young; that, in pursuance of such writ of attachment, respondent, as sheriff of Spokane county, did, on August 31, 1921, attach and take into his possession, as such sheriff, the automobile in question, and retained possession thereof until September 21, 1921; that judgment was rendered against Clarence Young, and that, by virtue of an execution and the attachment, respondent, as sheriff, advertised the automobile for sale at public auction, and on October 31, 1921, sold the same at public auction, and received as the proceeds thereof the sum of $526.75, and no more; that, in his individual capacity, he did not take the automobile from appel-

lant, or sell it, but that his deputies did; that the automobile in question was the property of Clarence Young, husband of appellant, and was acquired by him with community funds of both the appellant and Clarence Young. To the affirmative matter a general denial was made.

Respondent's motion for judgment in the court below was for judgment n. o. v., or, in the alternative, for a new trial. In support of his motion for judgment n. o. v., respondent claimed, and claims here, that "defendant (respondent here) is sued in his individual capacity, and the evidence shows that he, in his individual capacity, did not take or seize the automobile and other personal property referred to in plaintiff's complaint, but that the evidence shows that the defendant is sheriff of Spokane county, Washington, and that the deputy sheriff of Spokane county, Washington, levied upon the automobile, the subject of this action, under an execution duly issued out of the above entitled court, directed to the sheriff of Spokane county, and levied upon and attached the property of the defendant in the case of Federal Rubber Company against Clarence E. Young, and that no demand was made upon the defendant for the return of the said property by the plaintiff until prior to the institution of this action, or at all, and that the plaintiff, prior to the bringing of her said action, or at all did not comply in any respects with the provisions of § 8430, Pierce's Codes of the state of Washington (§§ 707 to 717, Rem. Comp. Stat.) relative to claim and delivery of property claimed by such person, and that the evidence in this case does not entitle the plaintiff to judgment herein."

The statutes referred to by respondent in his motion, and in argument upon appeal, providing for the procedure by persons other then the defendant claim-

ing the property levied upon and attached, provide, in the first section, 707, that such person may claim the immediate delivery of such property. Section 708 provides for an affidavit by the plaintiff, or someone in his behalf, which must allege substantially the same facts as were alleged in the complaint of the appellant in this case. Section 709 provides for a bond to be given to the defendant, which, so far as the record shows, was not given in this case, where the immediate return of the property is demanded. Immediate return of the property was not demanded in this action, but only the return thereof, or its value, after judgment.

These statutes were originally enacted in 1854 (Laws of 1854, p. 150, §§ 100-102), and re-codified in 1881 (Code of 1881, §§ 142-144). They are the same statutes that were involved in *Scott v. McGraw,* 3 Wash. 675, 29 Pac. 260. In that case it was held that the sheriff, being in possession of the property, is the only necessary defendant. It was there said:

"   .   .   .   . if an officer, through mistake or design, seizes property upon a writ of execution or attachment not belonging to the defendant in the writ, or not subject to seizure though belonging to the defendant, he becomes a trespasser, and the goods may be taken from his possession by replevin, or the owner may sue him in trespass or trover at his election. (Citing authorities.) Under such circumstances the property so taken cannot strictly be said to be in the custody of the law, for, by the law, the officer is commanded to take and hold the property of the defendant only. And under such a mandate a seizure of the goods of a stranger to the writ is a plain violation of legal duty, and the process, though regular and valid upon its face, can afford the officer no justification.

"In this state we have no common law action of replevin. That action has been abrogated, and the statutory action commonly called 'claim and delivery,' under the codes of the various states, has been substi-

tuted in its stead. And whatever may be the common law doctrine, it would seem that, under our statute, an action to recover the possession of personal property can be maintained by the owner of goods taken by a sheriff under a writ of execution or attachment in an action to which he was not a party defendant.''

It was also held in that case that plaintiffs might have a choice of either of the remedies provided by statute, that is, claim and delivery, which takes the place of replevin, or of claims of third persons to property levied upon, but that a judgment in one action would be a bar to relief in the other.

Hence, since appellant was proceeding properly under the law against respondent individually, and although respondent defended his acts as sheriff, if they were wrongful he was liable both for his own acts and the acts of his deputies.

In an action against a sheriff for the wrongful acts of his deputy it is not essential that the complaint should allege that he is sheriff, nor that the acts complained of were committed by his deputy. A sheriff is personally liable for abuse of process committed by a deputy. 35 Cyc. 1807, subd. 2, note 84; 2 Hill on Torts, 227; *Drake v. Paulhamus*, 66 Fed. 895.

The sheriff is a trespasser if he levies on property not owned by the defendant. *Dawson v. Baum*, 3 Wash. Terr. 464, 19 Pac. 46; *Scott v. McGraw, supra; Interior Warehouse Co. v. Hays*, 91 Wash. 507, 158 Pac. 99.

Here, therefore, it is a question of fact whether the automobile in question was the property of Clarence Young, the defendant in the suit wherein it was attached by the deputies of the sheriff, or was the property of appellant. That was a question for the jury upon competent evidence, and there was competent evidence thereof.

Although the sale was personally negotiated by her husband at Moorhead, Minnesota, was made by a concern called the Diemert Motor Company at that place to him, and her husband paid $650 cash at the time the transaction was closed, and gave his personal note and a chattel mortgage back on the car for $500 due in thirty days, she testified positively that the $650 which he paid was her money, that she got it from her father, who had the use of money of hers; that she desired the car in order that she might follow her doctor's advice of getting out more in the air in order to recover from an illness; that she never authorized the giving of the chattel mortgage on the car for the remainder of the purchase price. The car was finally purchased on May 31, 1921. On June 27, 1921, she obtained the balance of the money, $500, from her father, gave it to her husband, who paid it to the Diemert Motor Company several days before the $500 note and mortgage were due. W. H. Diemert, who operated the automobile concern that sold the car to appellant, then released the chattel mortgage and gave a bill of sale prepared by his attorney to plaintiff by name. On June 17, 1921, she procured insurance on the car in her own name. In the latter part of August, 1921, appellant and her husband left Moorhead, Minnesota, for Seattle, Washington. When they reached Spokane, her roadster was attached as the property of her husband. At the time of the attachment, the two deputy sheriffs were notified by her that the car belonged to her.

The only evidence contradicting the above is that, by deposition, W. H. Diemert testified that he did not know appellant at all; that he never dealt with her; that the only person he knew in the transaction was her husband, and that he made the bill of sale to her because her husband so requested. This evidence is

not sufficient to overcome the positive testimony of appellant that she furnished all the money to purchase the car, and purchased it for herself.

The jury were in possession of all of the facts in the case, and found in favor of appellant as to the ownership of the property and its value. There was some conflict in the evidence and it was not so conclusive in favor of respondent that the minds of reasonable men might not differ.

The trial judge erred in setting aside the verdict of the jury on the evidence and granting judgment in favor of respondent.

The judgment is reversed and remanded with instructions to pass upon the motion for a new trial, which has not been determined, and if the same is denied, to enter judgment upon the verdict of the jury.

MAIN, C. J., MACKINTOSH, BRIDGES, and MITCHELL, JJ., concur.