[No. 21023.   Department Two.   February 6, 1928.]

JULIA JOHNSON *et al., Respondents,* v. BERT A. NELSON
*et al., Defendants,* ELMER L. GIBSON, *as
Sheriff et al., Appellants.*[1]

[1] SHERIFFS AND CONSTABLES (25, 32)—LIABILITY ON OFFICIAL BOND
—EXECUTION OF WRIT.  The sheriff and the sureties on his of-
ficial bond are protected in the execution, with ordinary care,
of a writ of restitution fair upon its face for which the plaintiff
in the suit has filed a bond for the defendant's protection; and
is not liable with the plaintiff for the damages sustained by
the wrongful issuance of the writ; and it is immaterial that the
sheriff did not exact the indemnity bond that he might have
required from the plaintiff.

[2] PROCESS (15)—SERVICE—DELIVERY TO PERSON ON PREMISES.  A
writ of restitution is properly served by delivering a copy to
a son of the defendant on the premises, he being a person of
suitable age and discretion, under Rem. Comp. Stat., § 820,
requiring service on the defendant, his agent  .  .  .  or person
in possession of the premises.

[3] SAME (15)—MAILING COPY.  Rem. Comp. Stat., § 814, requiring
mailing of copies of notices to tenants, has no application to the
service of a writ of restitution by a sheriff.

[4] SHERIFFS AND CONSTABLES (11)—POWERS AND DUTIES—INSTRUC-
TIONS OF PARTIES.  A sheriff, in executing a writ of restitution
by direction of the plaintiff, does not lose the protection of the
writ by the fact that he was acting at the instance and request
of the plaintiff.

Appeal from a judgment of the superior court for
Grays Harbor county, Reynolds, J., entered March 9,
1927, upon the verdict of a jury in favor of the plain-
tiffs, in an action for damages for unlawful eviction
from leased premises.  Reversed.

*Theodore B. Bruener,* for appellant.

*F. L. Morgan,* for respondents.

[1]Reported in 263 Pac. 949.

Askren, J.—In June, 1926, the respondents John-
son were in possession of a small tract of land in Grays
Harbor county. The defendants Nelson, being the
owners and claiming the right of possession, brought
an action for that purpose. They prayed for a writ of
restitution, and after having filed bond with the clerk
of the court as required by law, he issued the writ,
which was delivered to the sheriff who served the same
by delivering a copy thereof to a son of the Johnsons
on the premises. No counter bond being filed within
the statutory period, the appellant sheriff, acting
through his deputy, Hamm, went to the premises and
demanded vacation. After waiting some three or four
hours, and being informed that delivery of the posses-
sion was refused and that "the court would have to
evict," he secured the services of some men and re-
moved the belongings of respondents from the premises
into the highway near by. Thereafter, in the action
for possession, it was held that Nelson was not entitled
to possession and that the eviction was therefore un-
lawful.

This action was then commenced against the defend-
ants Nelson, the sheriff, his deputy, and his bondsmen,
for damages. Upon trial, a verdict was rendered in
favor of the respondents against all of the appellants
in the sum of $675. The Nelsons have not appealed,
but the sheriff, his deputy, and the bondsmen have.

[1] In this court the important question for con-
sideration is this: Is a sheriff who executes a writ of
restitution fair on its face, liable for any resulting
damage, if he does not exceed the terms thereof?
Respondents' counsel has urged that this question be
answered in the affirmative, his argument being that
the sheriff has every means of protecting himself
before he is required to serve the writ, while the tenant
has no means of protecting himself against the im-

provident acts of his landlord, and thus becomes a mere pawn in the game whereby the great physical force of the state is used against him.

There is some practical difficulty, however, in accepting the argument advanced as a reason for holding the sheriff liable. The tenant is not unprotected against the improvident acts of the landlord, but is protected by the bond executed in his favor and filed by the landlord with the clerk of the court. Whether the sheriff is justified, in such a proceeding, in demanding a bond for his protection is a matter we need not determine; for, while none was taken in this case, we think that the question of his liability does not rest upon this right to require indemnity. A plaintiff who has filed his action for restitution of premises, and complied with the statute by giving bond to pay damages to the defendant, certainly has a right to demand that the sheriff execute the writ, if it be fair upon its face. The overwhelming weight of authority is to this effect. A sheriff is not required to investigate to determine whether the writ was properly issued by the clerk of the court, nor whether the plaintiff has a meritorious cause of action, nor whether the defendant claims under a superior right. If a writ is delivered to him directing that he perform certain acts prescribed by statute, the court from which it is issued being a court that has jurisdiction of such cases, he should, in all fairness, be protected in executing the writ.

The cases upholding this are legion, and a brief citation from a few of them will show the trend of authority and reasons supporting the holding.

In the case of *Barr v. Combs,* 29 Ore. 399, 45 Pac. 776, it was sought to hold a sheriff who executed a judgment although it had been paid, and it was charged that the sheriff had knowledge of such payment when

he executed it.  But the court, holding that the execution was regular on its face, said:

"It was therefore a complete protection to him, although he may have known that the judgment on which it was based had in fact been satisfied.  A sheriff cannot be wiser than his process; and if the officer or tribunal by which it is issued has jurisdiction over the subject-matter, and the process is regular on its face, showing no departure from the law, or defect of jurisdiction, it will afford a complete protection to the officer executing it against any prosecution therefor, and he is not affected as to this rule of protection by anything he may have heard or learned outside of the process, Crock, Sher. § 283; *Erskine v. Hohnbach*, 14 Wall. 613; *Twitchell v. Shaw*, 10 Cush. 46; *Mason v. Vance*, 1 Sneed, 178; *O'Shaughnessy v. Baxter*, 121 Mass. 515; *Watson v. Watson*, 9 Conn. 140; *Webber v. Gay*, 24 Wend. 485; *People v. Warren*, 5 Hill 440. When, therefore, the execution was placed in the hands of Combs for service, it was his duty to execute it as commanded by its terms; and he is not liable for trespass in so doing, even if he knew the judgment had been paid."

In *Holdredge v. McCombs*, 8 Kan. App. 663, 56 Pac. 536, it was sought to hold a constable for executing a writ of attachment, in an action wherein it was claimed that the orders had been issued without proper legal affidavits therefor and without an undertaking being given as required by law.  But the court found that the orders were regular on their face and justified the officer in proceeding in conformity thereto.  Said the court:

"In the state of facts as disclosed by the petition, we think it must be held that the officer was protected in making the levy, and that no action for damages will lie against him or his sureties on account thereof. The overwhelming weight of authority has firmly established the rule that where a writ of attachment or an execution, 'fair on its face,' has been issued by a court of competent jurisdiction in the premises,

the officer is protected in obeying its commands, and is not concerned with any irregularities that may exist back of it."

In *Casselini v. Booth*, 77 Vt. 255, 59 Atl. 833, the court observed:

"It is the law that a ministerial officer is protected in the execution of process, when it issues from a court of general jurisdiction, although such court in fact has no authority in the particular case, provided it appears upon the face of the process that the court has jurisdiction, and nothing appears to apprise the officer that the court has no authority."

See, also, 35 Cyc. 1740.

While many of the cases cited as authority for the proposition are cases in which the sheriff has acted after trial and judgment, it will be found that no distinction is made between such cases and those where the acts were performed before judgment. We think that our statute giving the plaintiff a right to have a writ executed prior to judgment fully protects the defendant in such a case by requiring the plaintiff to execute a bond for his protection and by permitting the filing of a counter bond.

Although the complaint alleged malice upon the part of the sheriff in the execution of the writ, this was withdrawn at the trial. While the evidence was in conflict, the jury were justified in finding that there were some minor items of damage caused by breakage, but there is nothing to sustain the holding that the sheriff or his assistants, in removing the household goods, did so in a negligent manner, or without ordinary care. While such damage is one that the Nelsons were liable for, the sheriff would not be.

[2] It is also contended by respondents that the writ was not properly served on them, and therefore the sheriff did not proceed legally, and no jurisdiction

over them was acquired. Passing for the moment the fact that they appeared generally in the action for possession prior to any eviction, thus probably curing any defect in the service, we think the service shown was sufficient. The record shows that the service was made by delivering a copy of the process to a son of the respondents on the premises, he being a suitable person so far as age and discretion were concerned, if not actually the person who made the arrangements for their possession of the property. Section 820, Rem. Comp. Stat. [P. C. § 7978], provides that:

"The sheriff shall, upon receiving the writ of restitution, forthwith serve a copy thereof upon the defendant, his agent or attorney, or a person in possession of the premises. . . ."

[3] The service is said to be invalid because there was not also a copy mailed to the defendants at their residence as required under § 814 [P. C. § 7972]. We think that section, however, does not control the service of writs of restitution. It provides for service of certain notices to be given by landlords to tenants, but does not apply to the service of writs or summons and complaints.

[4] Again, it is suggested that the sheriff was acting at the behest of the Nelsons and not under the writ. This is predicated upon a paragraph in the answer, where the sheriff set out as follows:

"That acting at the instance and request of the defendants Bert A. Nelson and Gladys Nelson, husband and wife, and under and by virtue of the writ of restitution issued out of the above entitled court, they removed plaintiff, etc."

It is said that, even if the writ is a protection to the sheriff, he, having admitted that he acted under the orders of the Nelsons, has removed himself from its protecting folds and becomes equally liable with his

principal. But this is straining the construction of the paragraph set out. The record discloses that the Nelsons were not present at the time of eviction and there is not a word to indicate that the sheriff did anything at the request of the Nelsons other than to comply with their demand that the writ be served after several days had elapsed and no counter bond was given. This the writ required the sheriff to do, and the request of the Nelsons added nothing to it.

We are convinced that the record establishes no right to damages from the sheriff, his deputy or his bondsmen, and that as to them, the judgment should be and is reversed.

MACKINTOSH, C. J., MAIN, HOLCOMB, and FULLERTON, JJ., concur.

ON REHEARING.

[Department Two. March 12, 1928.]

PER CURIAM.—The opinion in this case, recites that "The Nelsons have not appealed . . ."

The petition for rehearing directs our attention to the fact that notice of appeal was filed by the Nelsons, but later abandoned.

It is ordered, therefore, that the appeal of the Nelsons be, and it is, hereby dismissed.