[No. 26881. Department One. May 16, 1938.]
ARTHUR CAVITT, *Appellant,* v. R. E. McCRITE *et al.,*
*Respondents.*[1]

*W. F. Magill* and *R. H. Back,* for appellant.

*Senn & Recken* and *McMullen & Snider,* for respondents.

MAIN, J.—In the complaint in this case, there are, separately stated, three causes of action. By the first, the plaintiff sought general damages for wrongful imprisonment. By the second and third, he sought special damages resulting from the alleged wrongful imprisonment. The defendants answered separately, denying liability and setting out an order of the superior court of Clark county which directed the sheriff of that county to take the plaintiff into custody and confine him in the county jail. By a reply to these answers, the plaintiff alleged that the order by reason of which he was taken into custody and imprisoned, was void; and that, therefore, the sheriff had no right to detain him. The defendants moved for judgment on the pleadings, and this motion was

[1]Reported in 79 P. (2d) 637.

sustained and a judgment entered dismissing the action, from which the plaintiff appeals.

The facts, as they appear in the pleadings and so far as here material, may be stated as follows: In April, 1932, the appellant was tried and convicted in the superior court of Clark county for unlawfully hunting deer. He was sentenced to serve a term of thirty days in jail and to pay a fine of three hundred dollars and costs. He did not pay the fine, but elected to serve it out in the jail. September 7, 1932, the appellant was discharged by the sheriff, as shown by his records, "for completion of service." About a month subsequently, the superior court entered an order which contained certain recitals, one of which was that,

". . . for a period of twenty-seven days during the time said defendant was supposed to have been confined in said county jail, said defendant was at liberty laboring on a private enterprise for wages, and it, therefore, appearing that aforesaid sentence, fine, and costs have not been paid or satisfied in accordance with the law."

The order expressly directed the sheriff of the county, the respondent R. E. McCrite, to

". . . forthwith take said defendant into custody and confine and detain him in said county jail in accordance with the provisions of this order and the judgment and sentence above referred to."

This order was entered in the same case in which the appellant had been convicted of unlawfully hunting deer and without notice or a hearing.

After the appellant was arrested in pursuance of the order and confined in the county jail, he applied to this court (*In re Cavitt,* 170 Wash. 84, 15 P. (2d) 276) for a writ of *habeas corpus,* which was granted, and he was discharged from custody. Subsequently,

the appellant brought this action against the sheriff and the surety upon his official bond for damages, as above stated.

██ The question is whether the appellant was protected by the order of the court, notwithstanding he had knowledge of the facts which, in law, rendered the order void.

The general rule is that an officer will be protected by process which is fair on its face. In 2 Cooley on Torts (4th ed.), 528, it is said:

"The process that shall protect an officer must, to use the customary legal expression, be *fair on its face*. By this is not meant that it shall appear to be perfectly regular, and in all respects in accord with proper practice, and after the most approved form; but what is intended is, that it shall apparently be process lawfully issued, and such as the officer might lawfully serve. More precisely, that process may be said to be fair on its face which proceeds from a court, magistrate, or body having authority of law to issue process of that nature, and which is legal in form, and on its face contains nothing to notify or fairly apprise the officer that it is issued without authority. When such appears to be the process, the officer is protected in making service, and he is not concerned with any illegalities that may exist back of it."

The order in the present case was fair and regular on its face. It was in ordinary form issued out of the superior court. It is said, however, that, even though this be true, the officer, knowing that the appellant has completed his sentence and been discharged for that reason, should not have obeyed the order of the court to rearrest and confine him in the county jail.

The authorities and text writers are not in accord upon the question as to whether an officer, having facts within his knowledge which show the process void, even though it is fair on its face, is protected

by obeying the process. It would serve no useful purpose to review the authorities on the respective sides of this question, because the same matter was presented in *Johnson v. Nelson,* 146 Wash. 500, 263 Pac. 949, 56 A. L. R. 1035, and this court adopted the view that the officer was protected by the process if the court from which it issued was a court that had jurisdiction of such cases. It was there said:

"A sheriff is not required to investigate to determine whether the writ was properly issued by the clerk of the court, nor whether the plaintiff has a meritorious cause of action, nor whether the defendant claims under a superior right. If a writ is delivered to him directing that he perform certain acts prescribed by statute, the court from which it is issued being a court that has jurisdiction of such cases, he should, in all fairness, be protected in executing the writ.

"The cases upholding this are legion, and a brief citation from a few of them will show the trend of authority and reasons supporting the holding."

One of the cases referred to was that of *Barr v. Combs,* 29 Ore. 399, 45 Pac. 776, from which there was quoted, with approval, the following:

"It was therefore a complete protection to him, although he may have known that the judgment on which it was based had in fact been satisfied. A sheriff cannot be wiser than his process, and if the officer or tribunal by which it is issued has jurisdiction over the subject matter, and the process is regular on its face, showing no departure from the law or defect of jurisdiction, it will afford a complete protection to the officer executing it against any prosecution therefor, and he is not affected as to this rule of protection by anything he may have heard or learned outside of the process: Crocker on Sheriffs, § 283; *Erskine v. Hohnbach,* 81 U. S. (14 Wall.), 613; *Twitchell v. Shaw,* 10 Cush. 46 (62 Am. Dec. 80); *Mason v. Vance,* 1 Sneed, 178 (60 Am. Dec. 144); *O'Shaughnessy v. Baxter,* 121 Mass. 515; *Watson v. Watson,* 9 Conn. 140 (23 Am. Dec. 324); *Webber v. Gay,* 24 Wend. 485; *People v. Warren,*

5 Hill, 440. When, therefore, the execution was placed in the hands of Combs for service, it was his duty to execute it as commanded by its terms, and he is not liable for trespass in so doing, even if he knew the judgment had been paid."

It thus appears that this court, as already stated, has adopted the view that the officer is protected by the writ which is fair on its face, even though there are facts within his knowledge which, as a matter of law, would render it void. The sheriff of Clark county was justified in obeying the order of the court, notwithstanding the fact that he knew that the appellant had served his full term and had been discharged.

If the sheriff and his bondsman were not liable for general damages, it necessarily follows that they were not liable for the special damages sought.

The judgment will be affirmed.

STEINERT, C. J., HOLCOMB, GERAGHTY, and ROBINSON, JJ., concur.