[No. 27898. Department Two. March 4, 1940.]

JAMES CHOUKAS, *Respondent and Cross-appellant*, v. W. B. SEVERYNS, *as Sheriff of King County, et al., Appellants.*[1]

[1]Reported in 99 P. (2d) 942; 103 P. (2d) 1106.

*Allen, Carey & Rombauer* and *Arthur Schramm,* for appellants.

*Pomeroy & Griffith,* for respondent and cross-appellant.

BEALS, J.—Nick and George Carras, doing business as Carras Brothers, recovered judgment against Frank and Alexandra Cassos, in the superior court for King county, April 6, 1931. January 16, 1936, James Choukas purchased from James S. Karabas and wife a lot in the city of Seattle, upon which was located a brick store building and a duplex dwelling.

During the month of February, 1937, Carras Brothers caused an execution to issue on their judgment against Frank Cassos and his wife, directing the sheriff of King county to levy upon the personal property of the judgment debtors, or if no personal property was found, to levy upon the debtors' real estate. No personal property having been found, the sheriff of King county, believing that the real estate above described, which had been deeded to James Choukas, in fact belonged to Cassos, levied on that real estate and advertised that he would sell the same April 3, 1937.

Choukas thereupon commenced an action against Carras Brothers and the sheriff, alleging in his complaint that the sheriff had wrongfully levied on plaintiff's property, thereby clouding his title, and asking

that the sheriff be restrained from selling the property pursuant to the levy. The matter came on to be heard April 2, 1937, upon plaintiff's application for a restraining order, and after a hearing, the court refused to restrain the sale, but entered an order providing in part as follows:

"It is further ordered that pending the trial of this cause, the defendants, Carras Brothers, shall not, by virtue of a sheriff's certificate of sale, or otherwise, seek or attempt to get possession of the real estate described in the complaint, and the defendant sheriff be restrained from delivering any certificate of purchase pending final determination of this action."

Choukas attended the sale, at that time serving notice on the sheriff, advising him that Mr. and Mrs. Cassos had no interest in the property. The property, however, was sold by the sheriff to Carras Brothers, the sheriff, however, retaining possession of the certificate of sale, as directed by the order of the superior court.

Carras Brothers answered the Choukas complaint, denying the allegations thereof and, in a cross-complaint, alleging fraud participated in by Choukas and Mr. and Mrs. Cassos, and that the real property actually belonged to the latter.

In due time, the action was tried on the merits, with the result that a decree was entered in favor of Carras Brothers, the court adjudging that the property actually belonged to the judgment debtors, Mr. and Mrs. Cassos; that the deed to the plaintiff, James Choukas, was fraudulent and void; and that the sheriff's sale to Carras Brothers was valid. It was provided in the decree that the sheriff deliver the certificate of purchase to Carras Brothers, and that, as to the defendant sheriff, the action be dismissed.

James Choukas appealed to this court from the ad-

verse decree, filing a cost bond but not attempting to supersede the operation of the judgment. This court reversed the decree (*Choukas v. Carras,* 195 Wash. 659, 81 P. (2d) 841), holding that, under the evidence, James Choukas was entitled to a decree quieting his title to the property as against Carras Brothers and the lien of their judgment.

December 21, 1938, James Choukas instituted this action against W. B. Severyns, as sheriff of King county, and the surety upon his official bond, alleging in the complaint that he was the owner of the real property above described; that the defendant sheriff had levied on the property pursuant to execution issued in the case of Carras Brothers v. Cassos, as above set forth; that Choukas had been compelled to institute the action of *Choukas v. Carras* to protect his title to the property and, in prosecuting this action to a successful conclusion, had expended large sums by way of court costs and incidental items, together with attorney's fees in the sum of one thousand dollars. Choukas further alleged that possession of the property had been taken from him by the sheriff; that he had been deprived of the rents, issues, and profits of the property for the period of nine months; that, during that time, waste had been committed on the property, to its damage in the sum of one thousand dollars; and that he had suffered other damages amounting to ten thousand dollars. Judgment was demanded for over twelve thousand dollars against the sheriff and his surety.

The defendants answered by way of a general denial and, upon the case being called for trial, asked leave to file an amended answer setting forth two affirmative defenses; first, that the final judgment rendered in the case of *Choukas v. Carras* was *res judicata,* and second, that Choukas had voluntarily abandoned the property,

and that the defendant sheriff was not responsible for subsequent damages. The court denied leave to interpose the first affirmative defense, but permitted the second to be pleaded. A mistrial resulted, and the action was again placed upon the trial calendar. The defendants then renewed the motion to amend their answer by pleading the defense of *res judicata,* and their motion was again denied.

The action then proceeded to trial, and, at the conclusion of plaintiff's case, the defendants challenged the sufficiency of the evidence. The court sustained the challenge as to all elements of damage except damages sustained by plaintiff in the course of the prosecution of the case of *Choukas v. Carras,* which resulted in the quieting of plaintiff's title. The jury returned a verdict in plaintiff's favor for $321.55, representing plaintiff's costs on appeal to this court from the adverse decree entered in the superior court, together with one thousand dollars for plaintiff's attorney's fees.

From this decree, the defendants have appealed, assigning error upon the refusal of the trial court to grant leave to amend their answer by including therein the defense of *res judicata;* upon the refusal of the trial court to sustain their challenge to the sufficiency of the evidence as to all items of damage; upon the denial of their motion for judgment in their favor notwithstanding the verdict of the jury; and upon the denial of their motion for a new trial. Plaintiff has cross-appealed, assigning error upon the refusal of the trial court to submit to the jury other elements of damage which he sought to recover.

We shall first discuss the question presented on respondent's cross-appeal. The execution under which appellant sheriff proceeded commanded him to levy upon the personal property of Frank and Alexandra

Cassos, and if sufficient personal property could not be found, to levy upon their real estate. Pursuant to this execution, appellant levied upon the lot belonging to respondent (who, it must be remembered, was not a party to the action in which the execution was issued) and advertised the same for sale.

██ Appellant calls attention to the fact that he levied upon and sold only the interest of the judgment debtors in the real estate. While it is not necessary to decide that particular point urged by appellant, we call attention to the rule as stated in 57 C. J. 828, § 271:

"The officer is liable for taking property in which the execution debtor has no interest, although he assumes to levy only on the interest of the execution debtor therein."

It would appear that this text lays down a wholesome, salutary, and reasonable rule.

██ Respondent cites several of our decisions which he argues support his contention that appellant is liable herein as for a wrongful levy, respondent contending that, if a sheriff, through mistake or design, levies upon property which does not belong to the judgment debtor, the sheriff becomes a trespasser, and is not protected by the judicial process which he received, although the same may be regular and valid on its face. *Mace v. Gaddis,* 3 Wash. Ter. 125, 13 Pac. 545; *Fish v. Nethercutt,* 14 Wash. 582, 45 Pac. 44, 53 Am. St. 892; *Interior Warehouse Co. v. Hays,* 91 Wash. 507, 158 Pac. 99; *Young v. Long,* 124 Wash. 460, 214 Pac. 821.

The text in 57 C. J. 827, § 271, reads as follows:

"It is the general rule that an officer who levies on property belonging to a person other than defendant in the writ, which specifies no particular property, is liable to the owner of the property for the resulting damages, if the owner presents his claim in the manner and form prescribed by statute; and the officer's liabil-

ity for such a wrongful seizure is not dependent upon his taking the property into his actual possession, or selling it."

■ Up to and including the stage of the proceedings last above referred to, when the sheriff levied upon respondent's property, it would seem, in view of after-developments, that the sheriff was about to subject himself to a liability to respondent for any damage which respondent might suffer by reason of the levy. Respondent, however, commenced an action against Carras Brothers and the sheriff to enjoin the sale of respondent's property. As above stated, the court permitted the sale to proceed, but restrained the sheriff from delivering the certificate of purchase and permitted respondent to remain in possession of the property. On the trial of that action, the superior court entered a decree against respondent, adjudging that the property in fact belonged to the judgment debtors in the action of Carras v. Cassos, setting aside the deed to respondent as fraudulent and void, declaring that Carras Brothers were the owners of the property by purchase at regular execution sale (subject only to right of redemption and an existing mortgage), and continuing:

"The sheriff of King county, Washington, is hereby authorized and required to deliver to said Carras Brothers the certificate of sale referred to in the pleadings and made on the 3rd day of April, 1937."

By the decree, the title of Carras Brothers to the real estate was quieted, and they were awarded "the right to the immediate possession of said real estate." As to the sheriff, defendant in that action and appellant in this, the action was dismissed.

In prosecuting his appeal to this court, Choukas did not supersede the decree, and therefore nothing remained for appellant sheriff to do but to carry the de-

cree into execution and obey the direct and positive mandate of the court. It clearly appears, from the record in the case at bar, that all damages sustained by respondent for which he seeks recovery on his cross-appeal, these damages having arisen by reason of waste, loss of rents, etc., were suffered after the entry of the decree above referred to, and after the sheriff, in obedience to the decree, delivered the certificate of purchase to the purchaser at the execution sale. It would seem that no course was open to the sheriff save to obey the decree of the court entered in an action to which he was a party. The particular property was described in the decree, and the sheriff was "authorized and required" to deliver the certificate of purchase to Carras Brothers, who were awarded the right to the immediate possession of the land.

In the case of *Cavitt v. McCrite,* 194 Wash. 684, 79 P. (2d) 637, the plaintiff sought damages against the sheriff of Clark county for an alleged wrongful imprisonment. It appeared that the plaintiff had been confined in the Clark county jail, under the custody of the sheriff, and had been discharged, as shown by the sheriff's records, "for completion of service." Later, the judge of the superior court who had sentenced the plaintiff entered an order expressly requiring the sheriff to again take the plaintiff into custody and confine him in the county jail for a specified period. Acting pursuant to this order, the sheriff arrested the plaintiff, whereupon the latter applied to this court for a writ of *habeas corpus,* which was granted, resulting in the discharge of the plaintiff from custody. He later sued the sheriff, as above stated, and the surety upon his official bond, for damages for false arrest. This court, citing the case of *Johnson v. Nelson,* 146 Wash. 500, 263 Pac. 949, 56 A. L. R. 1035, held that the sheriff was protected by the court's order, that court having jurisdiction over

such cases. This court reaffirmed the rule that an officer is protected by a writ which is fair on its face, even though there are facts within his knowledge which might render the writ void. The judgment of the superior court dismissing Mr. Cavitt's action was here affirmed.

When a sheriff is ordered to levy on specified property, he must obey the order, and is protected so long as he keeps within its terms. In 57 C. J. 828, § 272, appears the following text:

"Where a writ issued by a court or judge having jurisdiction commands the sheriff to seize certain property specified therein, the sheriff incurs no liability by obeying such mandate, although the property belongs to a person other than the party against whom the writ issued."

A similar question was discussed by the supreme court of the United States, in the case of *Buck v. Colbath,* 70 U. S. 334, 18 L. Ed. 257, the court approving the doctrine that, when a court having jurisdiction directs an officer to levy upon described property, the officer is protected in the execution of such process, provided he does not exceed the terms thereof.

Following the rule so recently approved in the case of *Cavitt v. McCrite, supra,* it must be held that appellant sheriff could not be held liable to respondent for the damages which occurred subsequent to the entry of the decree above referred to, and for which damages respondent here contends that appellant sheriff and his co-appellant surety should be held responsible. The trial court did not err in refusing to submit to the jury any such items of damage. The authorities relied upon by respondent support the rule that a sheriff is liable for a wrongful seizure under a general execution. They are not in point here.

We shall now discuss appellant's contention that

the trial court erroneously entered judgment against him on the verdict for one thousand dollars, by way of compensation to respondent for liability for attorney's fees incurred by respondent in the case of *Choukas v. Carras*. In this connection, it should be noted that appellant can be held responsible to respondent only for his own wrongful acts. Appellant did levy a general execution upon respondent's property, under the mistaken belief that the property belonged to Cassos. The execution was levied, and notice of sale published. Respondent was not dispossessed, nor does it appear that the cloud upon his title caused by the levy, considering that act by itself, resulted in damage to respondent. He does not contend that he lost any sale of the property because of the sheriff's act, nor does he show any other special damage resulting from the levy, standing alone.

At this stage of the proceedings, respondent sued the sheriff and Carras. His cause of action was based upon the sheriff's wrongful act in levying execution on the property and giving notice that he would sell the same. In his complaint, plaintiff Choukas prayed only for injunctive relief forbidding the sale of the property, incidentally asking that the property be freed from any attempt to enforce execution against the same upon the judgment in favor of Carras and against Cassos. Defendants Carras then appeared in the action and, after appropriate denials of the allegations of the complaint, cross-complained against Choukas, alleging that the property belonged to Mr. and Mrs. Cassos and not to Choukas, asking that the deed to Choukas be set aside as fraudulent, that the property be adjudged to belong to Mr. and Mrs. Cassos, and that the title of Carras Brothers, under the certificate of purchase, be quieted as against Choukas. The action was tried under the issues made up between Choukas and Carras

Brothers, the latter assuming the burden of showing that the deed under which Choukas claimed title to the property was fraudulent and void. The very question which was decisive as to the validity of the levy made by the sheriff was introduced into the action by Carras Brothers, not by the sheriff.

The case was fully litigated, and judgment entered by the superior court in favor of Carras Brothers, before the sheriff performed any further act, official or otherwise. When the trial court signed the decree in favor of Carras Brothers, declaring that Choukas was not the owner of the property and giving the sheriff specific directions, as above set forth, there was nothing for the sheriff to do but to obey the decree, in the absence of the filing of a supersedeas by Choukas, in connection with his appeal to this court from the adverse judgment. In the litigation before the superior court, the sheriff was simply an officer of the court, standing by and awaiting the entry of a decree which would direct his future actions. Respondent here was compelled to appeal to this court in order to protect his rights against the erroneous decree which the superior court entered.

As to the allowance of attorney's fees, generally, this court, in the case of *Perlus v. Silver,* 71 Wash. 338, 128 Pac. 661, said:

"There is no common-law principle that permits a successful litigant to recover from his losing adversary the costs and expenses of the litigation; hence, if such a right exists, it must be statutory. The legislature of this state has given to the successful litigant the right to have certain items of expense taxed as costs; but these must be taxed in the original action and not recovered by subsequent suit. There being neither common law nor statutory authority for maintaining the cause of action in the instant case for the costs and expenses of the previous litigation, the nonsuit as to this was also properly granted."

In 17 C. J. 809, § 135, the general rule is laid down as follows:

"Where the natural and proximate consequence of a wrongful act has been to involve plaintiff in litigation with others, there may, as a general rule, be a recovery in damages against the author of such act of the reasonable expenses incurred in such litigation, together with compensation for attorney's fees, and such costs as may have been awarded against plaintiff."

In the case at bar, the wrongful act of the sheriff in levying the execution involved respondent not in litigation with others, but in litigation with the sheriff himself and the judgment creditors in the action in which the execution was levied, who were, of course, the moving force behind the issuance of the execution.

Respondent, in arguing in support of the judgment in his favor for attorney's fees, relies upon two decisions of this court. In the case of *Curtley v. Security Sav. Society,* 46 Wash. 50, 89 Pac. 180, it appeared that the defendant was a corporation engaged in the business of buying and selling real estate. Among other property, it owned a lot in the city of Spokane, which it quitclaimed to one Abernathy. By some oversight, the sale was not entered upon the corporate records, and later the corporation again quitclaimed the lot to Curtley, who entered into a contract for the construction of a dwelling upon the property, incurring expense and obligations for plans, etc. The officers of the corporation soon discovered that the lot had been sold twice, and immediately offered to return to Curtley the money he had paid for the lot, with interest, requesting that respondent convey the property to the grantee of Abernathy. Curtley refused settlement on this basis and sued the corporation for damages, alleging that his contractor had sued him for breach of the building contract, to recover judgment for over four hundred dol-

lars, which sum he had paid, together with one hundred dollars attorney's fees for defending the action. He also asked reimbursement for some other losses which he had suffered. Judgment was entered in plaintiff's favor, and while on appeal this judgment was reversed and the cause remanded for a new trial, this court held that, upon the facts shown, the plaintiff was entitled to recover his reasonable attorney's fees. The wrongful act of the corporation, in conveying to Curtley property which it did not own, had involved Curtley in litigation with a third party, his contractor, and the corporation was clearly liable for a reasonable attorney's fee paid by Curtley in defending the lawsuit.

In the case of *Murphy v. Fidelity Abstract & Title Co.*, 114 Wash. 77, 194 Pac. 591, it appeared that the plaintiff retained the defendant to prepare an abstract of title covering designated property, and the defendant, in furnishing the abstract, certified that some assessments had been paid, when in fact such was not the case, the assessments being delinquent and a certificate covering the same being owned by one Page. Murphy, relying upon the certificate of the abstractor, suffered the loss of the property by foreclosure of the certificate of delinquency, of which he had no knowledge. Later, Page, to whom the property had been conveyed as the result of the foreclosure of the delinquent assessments, brought suit against Murphy, asking that his title to the lots be quieted, his action resulting in a decree in his favor. Murphy then sued the abstract company for damage and recovered judgment, which on appeal was affirmed by this court. In the judgment, Murphy had been allowed, among other items of damage, a reasonable sum which he had paid by way of attorney's fees in resisting the action brought against him by Page. Following *Curtley v. Security Sav. Society*, above referred to, this court held that the

recovery was properly allowed. In the case cited, it should again be noted that the liability for the attorney's fees recovered was incurred in an action between the person claiming the fees and a party other than the one whose original wrongful act caused the litigation in which the attorney's fees had been paid.

In support of his contention that no recovery should have been allowed against him, appellant cites several decisions of this court. In the case of *Lovell v. House of the Good Shepherd,* 14 Wash. 211, 44 Wash. 253, it appeared that the defendant, having custody of plaintiffs' child, refused to deliver the child to plaintiffs upon their demand. Plaintiffs then applied to the superior court for a writ of *habeas corpus,* and upon a hearing the court entered a decree giving the defendant custody of the child. From this decree, plaintiffs appealed, and this court reversed the judgment of the superior court and awarded the child to the plaintiffs. Plaintiffs then commenced the action above cited, asking damages for the detention of their child for the period between their demand for possession and the reversal of the judgment of the superior court in the *habeas corpus* proceeding. Plaintiffs also asked judgment for the costs and attorney's fees incurred in the first proceeding. The judgment of the superior court refusing to allow plaintiffs' damages was affirmed by this court. Concerning the matter of attorney's fees, this court said:

"It will not do to sustain a practice which will allow a party who successfully brings an action for the recovery of a legal right to bring a subsequent action to recover the expenses incident to the first case. The appellants obtained the costs of the *habeas corpus* case by the judgment rendered in the case itself, and obtained the statutory attorney's fee, and there being no statutory provision for the recovery of any other

attorney's fee in that case, it cannot be recovered in a separate action of this kind."

In the case of *State ex rel. Maltbie v. Will,* 54 Wash. 453, 103 Pac. 479, 104 Pac. 797, the relator asked a writ of mandate requiring the auditor of Douglas county to issue a warrant for his salary as county clerk, in a sum which relator alleged to be due, being a greater amount than that for which a warrant was tendered him. The superior court denied the writ, finding, among other facts, that relator had retained counsel to prosecute the action, and agreed to pay an attorney's fee of two hundred dollars. On appeal, this court reversed the judgment of the trial court, holding that the relator was entitled to receive a salary in a greater sum than that tendered him, and directed that the writ of mandate issue. This court denied any recovery by way of attorney's fees, saying:

"The appellant insists that he is entitled to recover $200 attorney's fees from Douglas county, as his damages incurred by reason of the refusal of the county officers to allow and pay his claim. This contention cannot be sustained. The statute of this state fixes the attorney's fees that may be allowed to a successful litigant as costs in civil actions, and no additional fees for their prosecution should be allowed without statutory authority."

In the case of *Enbody v. Hartford Accident & Indemnity Co.,* 147 Wash. 237, 265 Pac. 734, it appeared that in an action against the Enbodys for the recovery of real estate, although they had abandoned the premises and had not asked to be restored to possession, the Enbodys had recovered a judgment against the plaintiff. They then commenced the case cited, against the plaintiff in the first action and her surety, to recover damages for an alleged wrongful eviction, claiming as one element of damage the attorney's fees they

had paid in defending the first suit. The superior court allowed recovery for such attorney's fees, which item this court, on appeal by the defendants, held was erroneously included in the judgment.

In the recent case of *Easterbrooks v. Abrahams,* 200 Wash. 636, 94 P. (2d) 486, the plaintiff sued upon a restitution bond, seeking to recover damages sustained by reason of wrongful eviction from premises occupied under a lease. The superior court awarded plaintiff judgment for damages covering her direct loss on account of the wrongful eviction, a further sum as attorney's fees for defending the unlawful detainer action, and still another amount as attorney's fees in the action on the bond. This court, after an analysis of the authorities following the case of *Enbody v. Hartford Accident & Indemnity Co., supra,* which it was stated laid down the correct rule, held that the trial court had erred in allowing both items of attorney's fees, and remanded the cause with instructions that such allowances be eliminated from the judgment.

The following texts throw some light upon the question under discussion:

In considering the question of the measure of damages for the recovery of personal property wrongfully taken by replevin, the rule is laid down in 4 Sutherland on Damages (4th ed.), § 1144, as follows:

"Where the plaintiff obtains possession on his writ of replevin, as is usually the case where the defendant has no legal right to retain it by giving bond, and on the trial maintains his right to it, if the property is obtained without injury or deterioration he is only entitled to damages for its caption and detention;"

and in § 1146:

"The defendant is not usually liable for the personal expenses of the plaintiff or his loss of time in connection with the prosecution of his action, nor for his attorney's fees therein."

In 2 Sedgwick on Damages (9th ed.), 1084, § 565a, under the heading "Wrongful Attachment or Levy of Execution," is found the following:

"Where the goods are returned, this fact can be shown in reduction of damages; and in such case the measure of damages is their deterioration in value, and the expense of bidding it in at the sale, repurchasing it, or otherwise securing a return, together with compensation for loss of use of the goods during the period of detainer. If the goods were sold by the sheriff and the proceeds applied to the satisfaction of the debt or judgment, the amount so applied will usually be deducted from the value, but no allowance will be made for the expenses of the sale. Attorney's fees or other expenses of litigation for securing the return cannot be recovered."

The case at bar falls within the rule laid down in the authorities cited by appellant, rather than within the doctrine of those relied upon by respondent.

The same rule applies to the recovery of respondent's costs and expenses in the prior suit. Respondent is not entitled to maintain this action against the party whom he named as a defendant in the first suit, this action having been instituted to recover money which respondent was required to expend in that prior suit, whether by way of attorney's fees or otherwise. The facts of this case do not bring it within the rule laid down by the authorities relied upon by respondent.

In this action, no question is presented as to any claim on the part of respondent against the judgment creditor.

The judgment appealed from is reversed, with instructions to dismiss the action.

STEINERT, GERAGHTY, and JEFFERS, JJ., concur.

BLAKE, C. J. (dissenting)—I think the judgment should be reversed on respondent's appeal. The seiz-

ure by the sheriff was under a general execution and not upon a specific direction of the court to seize and sell this particular property. The applicable rule, as I view it, is that stated in 57 C. J. 827 and quoted in the majority opinion. The rule has received the sanction of this court in a number of cases. *Fish v. Nethercutt,* 14 Wash. 582, 45 Pac. 44, 53 Am. St. 892; *Interior Warehouse Co. v. Hays,* 91 Wash. 507, 158 Pac. 99.

As to the damages: Respondent was entitled to recover the cost of defending his title with reasonable attorney's fees. *Curtley v. Security Sav. Society,* 46 Wash. 50, 89 Pac. 180; *Murphy v. Fidelity Abstract & Title Co.,* 114 Wash. 77, 194 Pac. 591.

Further, the sheriff is liable for all damages directly flowing from his wrongful seizure of the property, even though such damages are brought about by the intervening agency of others. *Western Bond & Mortgage Co. v. Chester,* 145 Wash. 81, 259 Pac. 13; *Philpot v. Taylor,* 75 Ill. 309, 20 Am. Rep. 241.

I dissent.

### ON REHEARING.

[*En Banc.* June 8, 1940.]

PER CURIAM.—Upon a rehearing *En Banc,* a majority of the court adheres to the Departmental opinion heretofore filed herein.